1   LEWIS ZIROGIANNIS, CA Bar No. 321955
      lzirogiannis@foley.com
2   JAIME DORENBAUM, CA Bar No. 289555
      jdorenbaum@foley.com
3   JASON Y. WU, CA Bar No. 313368
      jwu@foley.com
4   FOLEY & LARDNER LLP
    555 CALIFORNIA STREET, SUITE 1700
5   SAN FRANCISCO, CA 94104-1520
    TELEPHONE:  415.434.4484
6   FACSIMILE:   415.434.4507

7   *Attorneys for Defendants 420 Taylor Ventures, LLC,*
    *NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC,*
8   *420 Taylor Holdings Owner LLC, and Seven Equity Group, LLC*

9

10                    **UNITED STATES DISTRICT COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12   NEXTDOOR, INC., a Delaware Corporation,

13                        PLAINTIFF,

14          v.

15   420 TAYLOR VENTURES, LLC, a Delaware
     Limited Liability Company, NT 420 TAYLOR
16   OWNER LLC, a Delaware Limited Liability
     Company, NH 420 TAYLOR OWNER LLC, a
17   Delaware Limited Liability Company, 420
     TAYLOR HOLDINGS OWNER LLC, a Delaware
18   Limited Liability Company, SEVEN EQUITY
     GROUP, LLC, and DOES 1–50,
19
                         DEFENDANTS.
20

21

22

23

24

25

26

27

28

**CV 21 3341**

**DEFENDANTS' NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. §§ 1332,
1441(B), 1446**

Removed from the Superior Court of the State of
California for the County of San Francisco, Case
No. CGC-21-590369

Complaint Filed:  March 11, 2021
Notice of Removal Filed:  May 5, 2021

Filed concurrently with:
(i)    Declaration of Lewis Zirogiannis
(ii)   Declaration of Raymond Falack
(iii)  Civil Case Cover Sheet
(iv)   Disclosure of Non-Party Interested Entities or
       Persons

FILED
MAY –4 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA



ORIGINAL

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**
2  **DISTRICT OF CALIFORNIA:**

3      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendants 420
4  Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, 420 Taylor Holdings
5  Owner LLC, and Seven Equity Group, LLC (collectively, "Defendants") hereby invoke this Court's
6  jurisdiction and remove the above-captioned case, pending in the Superior Court of the State of California
7  for the County of San Francisco, Case No. CGC-21-590369, and all claims and causes of action alleged
8  therein, to the United States District Court for the Northern District of California on the following grounds:

9  **I.      STATE COURT ACTION**

10     On March 11, 2021, Plaintiff Nextdoor, Inc. ("Plaintiff") commenced this action against
11 Defendants by filing a complaint in the Superior Court of California for the County of San Francisco,
12 styled *Nextdoor, Inc. v. 420 Taylor Ventures, LLC et al.*, Case No. CGC-21-590369 (the "Complaint").
13 A true and correct copy of the Complaint is attached to the accompanying declaration of counsel as
14 **Exhibit A.** [Declaration of Lewis Zirogiannis ("Zirogiannis Decl.") ¶ 2, Ex. A.] Copies of all process,
15 pleadings, and orders in the state court action are attached to the accompanying declaration of counsel as
16 **Exhibits A** through **K.** [*Id.* ¶¶ 2-12, Ex. A-K.] At the time of removal, Plaintiff's Motion to Seal
17 Complaint was pending before the state court and scheduled for hearing on May 24, 2021. [*Id.* ¶¶ 4, 14
18 Ex. C.] No other motions or events are currently pending in state court. [*Id.* ¶ 15.]

19 **II.     TIMELINESS**

20     Defendants 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner
21 LLC, and 420 Taylor Holdings Owner LLC received service of the Complaint on April 5, 2021.
22 [Zirogiannis Decl. ¶ 16.] The deadline for those defendants to file this Notice of Removal is, at the
23 earliest, May 5, 2021. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding
24 shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of
25 the initial pleading."). Defendant Seven Equity Group, LLC received service of the Complaint on April
26 7, 2021. [Zirogiannis Decl. ¶ 17.] Defendant Seven Equity Group, LLC's deadline to file this Notice of
27 Removal is, at the earliest, May 7, 2021. 28 U.S.C. § 1446(b)(1). Therefore, this Notice of Removal is
28 timely as to all Defendants.

4818-2449-1238.3

III. **VENUE**

Venue for purposes of removal of this action is proper under 28 U.S.C. § 1446(a), which provides for removal of any civil action to the federal district court of the district and division embracing the place where the action is pending. Pursuant to 28 U.S.C. § 1441(a), venue for removal lies in the United States District Court for the Northern District of California because Plaintiff originally filed the Complaint in the Superior Court of California for the County of San Francisco. This Court is the district court embracing the superior court in which this action is pending.

IV. **CONSENT OF ALL DEFENDANTS**

Defendants, through their undersigned counsel, each consent to the removal of this action and the filing of this Notice of Removal. [Zirogiannis Decl. ¶ 18.] *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("[W]e conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

V. **NOTICE**

Promptly after the filing of this Notice of Removal, Defendants will give written notice of the same, together with all supporting documents, to all adverse parties and will file a notice with the clerk of the state court in which the action is pending, pursuant to 28 U.S.C. § 1446(d). [Zirogiannis Decl. ¶ 19.]

VI. **DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332(a)(1)**

This action may be removed to this Court on grounds of diversity of citizenship and amount in controversy pursuant to the provisions of 28 U.S.C. §§ 1332, 1441(b).

A. **CITIZENSHIP OF PLAINTIFF.**

Plaintiff is a citizen of Delaware and California for purposes of diversity of citizenship. The Complaint alleges that "Plaintiff Nextdoor, Inc. is a corporation duly organized and validly existing under the laws of the State of Delaware, with its principal place of business in San Francisco, California." [Zirogiannis Decl., Ex. A ("Compl.") ¶ 6.] For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State

2
NOTICE OF REMOVAL
CASE NO. _____

1  or foreign state where it has its principal place of business." 28 U.S.C. § 1332.  Therefore, Plaintiff is a

2  Delaware and California citizen under the removal statute.

3  **B.   CITIZENSHIP OF DEFENDANTS.**

4       None of the Defendants is a citizen of Delaware or California for purposes of diversity of

5  citizenship.  The Complaint alleges that Defendants are each LLCs "doing business in the state of

6  California" [Compl. ¶¶ 7-11] and that, additionally, Defendant Seven Equity Group, LLC has its

7  "principal place of business in New York."  [Compl. ¶ 11.]  However, an LLC is **not** treated as a

8  corporation for purposes of removal, and where an LLC is organized or does business is irrelevant to the

9  question of its citizenship.  Rather, an LLC is a citizen of every state in which its owners or members

10 reside. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "an

11 LLC is a citizen of every state of which its owners/members are citizens"); *Implant Direct Mfg., LLC v.*

12 *Dell Inc.*, No. CV 12-8903GW(JEMX), 2012 WL 12897864, at *1 (C.D. Cal. Nov. 19, 2012) ("When a

13 party is an LLC, the court must look to the citizenship of its members, not the state in which it is either

14 organized, headquartered, or has its principal place of business.").  Similarly, a trust takes on the

15 citizenship of its members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016).

16      Here, Defendants are all LLCs, and none of the members and owners of any Defendant is

17 domiciled in Delaware or California.  The domiciles of Defendants' members and owners are as follows:

18      • Raymond Falack is an owner/member of 420 Taylor Ventures, LLC and Seven Equity

19         Group, LLC, and resides in Deal, New Jersey.

20      • Hyman Azar is an owner/member of 420 Taylor Ventures, LLC, and resides in Brooklyn,

21         New York.

22      • Jared Bernheim is an owner/member of 420 Taylor Ventures, LLC, and resides in White

23         Plains, New York.

24      • Annette Raij is an owner/member of 420 Taylor Ventures, LLC, and resides in Miami

25         Beach, Florida.

26      • Irwin Raij is an owner/member of 420 Taylor Ventures, LLC, and resides in Miami

27         Beach, Florida.

28      • Zachary Roseman is an owner/member of 420 Taylor Ventures, LLC, and resides in New

3

4818-2449-1238.3

1    York City, New York.

2    • Eric Englander is an owner/member of 420 Taylor Ventures, LLC, and resides in New

3        York City, New York.

4    • Daniel Panzer is an owner/member of 420 Taylor Ventures, LLC, and resides in New

5        York City, New York.

6    • Hymie Mishan is an owner/member of 420 Taylor Ventures, LLC, and resides in

7        Brooklyn, New York.

8    • Ezra Hochman is an owner/member of 420 Taylor Ventures, LLC, and resides in

9        Brooklyn, New York.

10   • Richard Braha is an owner/member of 420 Taylor Ventures, LLC, and resides in New

11       York City, New York.

12   • Jonathan Bennett is an owner/member of 420 Taylor Holdings Owner LLC and NT 420

13       Taylor , and resides in Lawrence, New York.

14   • Eli Wilamowsky is an owner/member of 420 Taylor Holdings Owner LLC, and resides in

15       Lawrence, New York.

16   • Ely Fathia is an owner/member of 420 Taylor Holdings Owner LLC, and resides

17       Brooklyn, New York.

18   • Uriel Schatz is an owner/member of 420 Taylor Holdings Owner LLC, and resides in

19       Fair Lawn, New Jersey.

20   • Marc Hertz is an owner/member of 420 Taylor Holdings Owner LLC, and resides in

21       Lawrence, New York.

22   • Avi Esses is an owner/member of 420 Taylor Holdings Owner LLC, and resides in

23       Cedarhurst, New York.

24   • Salem Mounayyer is the trustee for The Joe Nakash 2005 Trust, The Ralph Nakash 2005

25       Trust, and The Avi Nakash 2005 Trust, which are members of NT 420 Taylor Owner

26       LLC.  Salem Mounayyer is also the trustee for the Olive Trust, which is a member of NH

27       420 Taylor Owner LLC.  Salem Mounnayyer resides in Miami, Florida.

28   • Joseph Nakash is an owner/member of NH 420 Taylor Owner LLC, and a beneficiary of

4

NOTICE OF REMOVAL
CASE NO. _____

1    The Joe Nakash 2005 Trust which is a member of NT 420 Taylor Owner LLC.  Joseph
2    Nakash resides in New York, New York.
3    •    Ralph Nakash is an owner/member of NH 420 Taylor Owner LLC, and a beneficiary of
4    The Ralph Nakash 2005 Trust which is a member of NT 420 Taylor Owner LLC.  Ralph
5    Nakash resides in Belle Harbor, New York.
6    •    Avi Nakash is an owner/member of NH 420 Taylor Owner LLC, and a beneficiary of The
7    Avi Nakash 2005 Trust which is a member of NT 420 Taylor Owner LLC.  Avi Nakash
8    resides in New York, New York.
9    •    Sherene Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in
10   Brooklyn, New York.
11   •    Amy Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in
12   Brooklyn, New York.
13   •    Danielle Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in
14   Brooklyn, New York.
15   •    Steven Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in New
16   York, New York.
17   •    Miriam Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in
18   Brooklyn, New York.
19   •    Shauli Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in New
20   York, New York.
21   •    Ariel Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in New
22   York, New York.
23   •    Miri Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in New
24   York, New York.
25   •    Netanel Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in New
26   York, New York.
27   •    Esther Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in New
28   York, New York.

NOTICE OF REMOVAL
CASE NO. _____ __

4818-2449-1238.3

- David Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in Brooklyn, New York.
- Michelle Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in New York, New York.
- Lori Nakash is an owner/member of NH 420 Taylor Owner, LLC, and resides in Beit Shemesh, Israel.
- Daniel Levy is an owner/member of NT 420 Taylor Owner, LLC and NH 420 Taylor Owner, LLC, and resides in Brooklyn, New York.
- Linda Levy is an owner/member of NT 420 Taylor Owner, LLC and NH 420 Taylor Owner, LLC, and resides in Miami, Florida.

[Declaration of Raymond Falack ¶¶ 4-40.]  The foregoing individuals constitute a complete list of all members and owners of Defendants.  [*Id.* ¶ 42.]  None of the foregoing individuals is domiciled in, or a citizen of, the same state in which Plaintiff is a citizen (*i.e.,* Delaware or California).  As of the filing of this Notice of Removal, none of the foregoing individuals intends to move to a new residence or domicile in a state other than the one in which they currently reside.  [*Id.* ¶ 41.]  Further, while the Complaint names "Does 1-50" as defendants, "the citizenship of defendants sued under fictitious names shall be disregarded" in considering whether complete diversity exists.  28 U.S.C. § 1441(b)(1).

Therefore, Plaintiff is a citizen of a different state from each Defendant, satisfying the diversity requirements of 28 U.S.C. § 1332(a)(1).  *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute . . . requires that . . . each plaintiff must be diverse from each defendant.").

## VII.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds $75,000.  "In determining the amount in controversy, courts first look to the complaint.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Here, Plaintiff alleges, among other things, "at least $20 million dollars in damages."  [Compl. ¶¶ 79, 93, 107, 117.]  Accordingly, the amount in controversy requirement is met.

1 | **VIII.** __CONCLUSION__

2       As set forth above, this action meets the requirements for removal under 28 U.S.C. §§ 1332,

3 | 1441, and 1446. Accordingly, this action must now be removed to this Court.

4       This Notice of Removal is filed subject to and with full reservation of rights, including, but not

5 | limited to, defenses and objections to venue, improper service of process, and personal jurisdiction. No

6 | admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, and

7 | pleas are expressly reserved.

8

9 | DATE: MAY 4, 2021

     **FOLEY & LARDNER LLP**
     LEWIS ZIROGIANNIS
     JAIME DORENBAUM

10      JASON Y. WU

11

12      By: _/s/ Lewis Zirogiannis_

13      LEWIS ZIROGIANNIS
     Lewis Zirogiannis (Bar No. 321955)
      lzirogiannis@foley.com

14      Jaime Dorenbaum (Bar No. 289555)
      jdorenbaum@foley.com

15      Jason Wu (Bar No. 313368)
      jwu@foley.com

16      555 California Street, Suite 1700
     San Francisco, California 94104-1531

17      Telephone: (415) 434-4484
     Facsimile: (415) 434-4507

18

19      _Attorneys for Defendants 420 Taylor Ventures, LLC,_
     _NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC,_
     _420 Taylor Holdings Owner LLC, and Seven Equity_

20      _Group, LLC_

21

22

23

24

25

26

27

28

PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to this action; my current business address is 555 California Street, Suite 1700, San Francisco, CA 94104-1520.

On May 4, 2021, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B), 1446** on the interested parties in this action as follows:

Morgan W. Tovey (Bar No. 136242)
50 California Street, 22nd Floor
San Francisco, California 94111
Email: morgantovey@quinnemanuel.com
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Ryan Landes (Bar No. 252642)
Dakota S. Speas (Bar No. 323853)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Email: ryanlandes@quinnemanuel.com
dakotaspeas@quinnemanuel.com
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiff*

  X    BY EXPRESS SERVICE CARRIER (Via Overnight Courier Service)

         X    I caused the envelope(s) to be sent by Federal Express, or delivered the document(s) to a courier or driver authorized by the express service carrier to receive document(s), in an envelope(s) or package designated by the express service carrier, with delivery fees paid or provided for, at San Francisco, California.

  X    BY E-MAIL
         X    I served the foregoing document via e-mail to the addressees above at the e-mail addresses listed therein.

  X    Executed on May 4, 2021, at San Francisco, California.

  X           I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
  X           I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                _Bee_
                                        _____
                                        Laura Lee

4818-2449-1238.3