**QUINN EMANUEL URQUHART & SULLIVAN LLP**

Morgan W. Tovey (Bar No. 136242)
  morgantovey@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Ryan Landes (Bar No. 252642)
  ryanlandes@quinnemanuel.com
Dakota S. Speas (Bar No. 323853)
  dakotaspeas@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiff Nextdoor, Inc.*

**FOLEY & LARDNER LLP**

Lewis Zirogiannis (Bar No. 321955)
  lzirogiannis@foley.com
Jaime Dorenbaum (Bar No. 289555)
  jdorenbaum@foley.com
Jason Y. Wu (Bar No. 313368)
  jwu@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone:  (415) 434-4484
Facsimile:  (415) 434-4507

Heather A. Lee (*pro hac vice*)
  hlee@foley.com
100 N Tampa Street, Suite 2700
Tampa, FL 33610
Telephone:  (813) 225-4156
Facsimile:  (813) 221-4210

*Attorneys for Defendants 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, 420 Taylor Holdings Owner LLC, and Seven Equity Group, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR, INC.,<br><br>                Plaintiff,<br><br>        vs.<br><br>420 TAYLOR VENTURES, LLC, NT 420 TAYLOR OWNER LLC, NH 420 TAYLOR OWNER LLC, 420 TAYLOR HOLDINGS OWNER LLC, and SEVEN EQUITY GROUP, LLC,<br><br>                Defendants. | CASE NO.:  3:21-cv-03341-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>The Hon. Edward M. Chen. |

Pursuant to Federal Rules of Civil Procedure 16 and 26, Northern District of California Local Rule 16-9, the Standing Order for All Judges of the Northern District of California regarding the Contents of Joint Case Management Statement, and the Court's May 24, 2021 Case Management Conference Order in Reassigned Case (ECF 20), Plaintiff Nextdoor, Inc. ("Plaintiff"

1

or "Nextdoor") and Defendants 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, 420 Taylor Holdings Owner LLC, and Seven Equity Group, LLC ("Defendants"), by and through their respective counsel, having conducted conferences in accordance with Federal Rule of Civil Rule 26(f) on July 30, 2021 and August 5, 2021, hereby submit the following Joint Case Management Statement:

**1.   JURISDICTION & SERVICE**

This Court has subject-matter jurisdiction over Nextdoor's state law claims pursuant to 28 U.S.C. §§ 1332 & 1441, as Nextdoor's claimed damages exceed $75,000, and Nextdoor does not appear to be a citizen of the same state as any Defendant. All Defendants were served with the Complaint and other case-initiating documents before Defendants removed this case to federal court.

**2.   FACTS**

**Plaintiff's Statement:** Plaintiff Nextdoor is a Delaware corporation headquartered in San Francisco that operates an online social media network that connects neighbors to each other in their local communities. Defendants jointly own and lease an office building located at 420 Taylor Street in San Francisco, California (the "Premises").

In 2019, Nextdoor began looking for new office space in San Francisco to house its growing workforce. One space Nextdoor considered was the Premises. Through their real estate broker, Defendants advertised the Premises as having "[u]p to 115,766 [rentable square feet] available" and seating capacity for 915 people in a public marketing brochure circulated to Nextdoor. Defendants repeated those representations in subsequent negotiations regarding the Premises, and in a Letter of Intent (the "LOI") dated September 24, 2019, Defendants represented that the Premises were "115,766 rentable square feet . . . measured in general accordance with BOMA 2017 measurement standards." The LOI misrepresented that "[b]ackup documentation is available upon request" for that figure. Furthermore, Defendants offered to lease the Premises to Nextdoor at a particular dollar amount per rentable square foot. Through their respective brokers, Nextdoor asked Defendants multiple times for the backup documentation to substantiate

1  Defendants' representations regarding the square footage of the Premises, but Defendants
2  repeatedly rebuffed Nextdoor's requests and urged Nextdoor to lease the Premises quickly lest it
3  lose the space to another prospective tenant.  Relying on Defendants' representations regarding
4  the size of the Premises, on November 12, 2019, Nextdoor executed a lease agreement (the
5  "Lease") for the Premises which again misrepresented that the Premises contain 115,766 rentable
6  square feet.

7  Not until after the Lease was signed did Defendants finally provide Nextdoor with a report
8  prepared by Stevenson Systems, Inc. (the "Stevenson Report") purporting to reflect the manner in
9  which Defendants arrived at the square footage figure Defendants had represented to Nextdoor in
10 the marketing brochure, the LOI, the Lease, and related communications.  Due to shelter-in-place
11 orders and delays resulting from the COVID-19 pandemic beginning shortly after the Lease was
12 signed, Nextdoor did not begin detailed space planning for the Premises until December 2020 and
13 still has not moved into the Premises.  During that process, Nextdoor determined that the Premises
14 were not 115,766 square feet by *any* appropriate measurement standard, but in fact were only
15 83,403.3 square feet using the BOMA 2017 measurement standard Defendants misrepresented was
16 used to verify the RSF stated in the LOI.  The Stevenson Report revealed that the 115,766 square
17 footage figure that Defendants had repeatedly represented to Nextdoor as the rentable area of the
18 Premises was not based on any valid measurement standard but was instead an arbitrary and false
19 measurement that the Stevenson Report "backed into" by applying an improper "Market Load
20 Factor" that artificially inflated an already-exaggerated "measurement" by an additional 25.25%.
21 The Stevenson Report, which was addressed to Defendant Seven Equity Group, LLC ("Seven
22 Equity"), included a disclaimer that the "Market Load Factor" was "not within the guidelines of
23 the 2009 BOMA Gross Standard, but requested at the sole discretion of ownership."  In effect,
24 Defendants directed Stevenson Systems, Inc. to arbitrarily inflate the measured square footage in
25 the Stevenson Report so that it would align with the false square footage representations
26 Defendants had made when marketing the Premises to Nextdoor and the public.

27
28

Further demonstrating that Defendants had no valid basis for the 115,766 square footage figure they had represented to Nextdoor, Ray Falack—the self-described "Managing Principal and driving force behind [Seven Equity's] day to day activities"—represented on February 27, 2018 in an application to the San Francisco Planning Commission for a Conditional Use Authorization and Office Allocation that the Premises would only consist of 87,369 feet after a planned renovation. As a result of Defendants' overstatement of the true square footage of the Premises, Nextdoor was duped into paying about 38% more in rent per rentable square foot annually than what Defendants had represented.

After realizing the import of Defendants' misrepresentations regarding the area of the Premises and investigating its potential claims arising from Defendants' tortious conduct, Nextdoor filed a Complaint on March 11, 2021 in the Superior Court of California for the County of San Francisco alleging fraud and deceit, negligent misrepresentation, unilateral mistake, mutual mistake, and false advertising under California Business & Professions Code section 17500 against each Defendant. On May 6, 2021, Defendants filed a Notice of Removal of this action to the United States District Court for the Northern District of California.

On May 20, 2021 Nextdoor filed a Motion to Remand. As set forth in that Motion (ECF 14), this case was improvidently removed because the parties agreed in Paragraph 37 of the Lease that "the venue of any action or proceeding under this Lease shall be the City and County of San Francisco, California." Compl., Ex. D; *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (holding that where a forum selection clause dictated that venue "shall be" a particular county, venue laid exclusively in the state court in the designated county). After Defendants declined to submit to the jurisdiction of a magistrate judge of this Court for all purposes, this case was re-assigned to Your Honor on May 24, 2021. After consideration of the fact that Defendants may have further delayed resolution of this case on the merits by appealing from an order granting the Motion to Remand, Nextdoor withdrew its otherwise meritorious Motion. ECF 29. A contractual forum selection clause does not affect a federal court's subject matter jurisdiction, and therefore, Nextdoor may waive enforcement of the forum selection clause in the Lease and elect

to proceed in federal court. *See Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988).

On May 26, 2021, Defendants moved to dismiss the Complaint. That motion was fully briefed, including supplemental briefing submitted by both parties at the Court's direction regarding the meaning of the term "market load factor" as used in the Stevenson Report. The motion was heard on August 5, 2021 at 1:30 p.m., and on August 9, 2021, the Court entered an order denying the Motion to Dismiss Nextdoor's fraud, negligent misrepresentation, unilateral mistake, and mutual mistake claims, granting the Motion to Dismiss Nextdoor's false advertising claim with prejudice, and granting the Motion to Dismiss Nextdoor's *alter ego* allegations with leave to amend. ECF 52.

**Defendants' Statement:** Plaintiff Nextdoor, Inc. ("Plaintiff") seeks to escape its contractual commitments under a commercial lease agreement (the "Lease") by manufacturing an after-the-fact "fraud" based on information that, in fact, was readily available to it and its Fortune 500 real estate advisor prior to its entering into the Lease. The crux of the Complaint is that one or more of the Defendants 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC, owners of the premises located at 420 Taylor Street, San Francisco, California (the "Premises"), allegedly colluded with Stevenson to misrepresent the standard by which the future, post-expansion, rentable square footage of the Premises was measured, thereby fraudulently inducing Plaintiff to enter into the Lease. Plaintiff also alleges Defendant Seven Equity Group, LLC ("Seven Equity"), which is not a party to the Lease and does not own the Premises, is liable as the supposed alter ego of the other Defendants.

The timeline set forth in the Complaint lays bare Plaintiff's true motive for instituting litigation: in November 2019, immediately prior to the COVID-19 pandemic, Plaintiff committed to a long-term lease of the Premises, a large commercial space. During the pandemic, vacancies soared, rents fell, commercial real estate in San Francisco (and elsewhere) became readily available at cheaper prices, and companies migrated to telecommuting and remote work. In short, the terms of the Lease, which Plaintiff freely had negotiated and voluntarily had agreed to, no

longer looked as favorable to Plaintiff in the post-pandemic world. In a financially calculated move, Plaintiff now seeks to break the Lease by any means necessary—including by leveling baseless accusations of fraud.

Each of Plaintiff's causes of action fail for numerous reasons. Among other deficiencies, Plaintiff cannot show that Defendants made any material misrepresentation prior to entering into the Lease, or that that Nextdoor reasonably relied upon any alleged misrepresentations. Plaintiff's core theory is that Defendants misrepresented the measurement methodology for the Premises prior to entering into the Lease. However, as Plaintiff admits in the Complaint, the measurement methodology for the Premises was readily available in a report prepared by Stevenson Systems, Inc. (the "Stevenson Report"), a reputable industry leader in building measurement, and was available upon request to Plaintiff prior to entering into the Lease. Plaintiff is a multi-billion dollar company, and was represented by a Fortune 500 real estate advisor and the second-largest brokerage firm in the world in the transaction. Plaintiff's decision to enter into the Lease before obtaining and reviewing *available information* disclosing the measurement methodology reveals that either: (1) the precise measurement methodology for the Premises was immaterial to Plaintiff; or (2) Plaintiff's decision to enter into the Lease without first reviewing readily available information was manifestly unreasonable, such that Plaintiff cannot have reasonably relied on prior alleged representations by Defendants. In either event, Plaintiff's claims fail on all counts.

On May 4, 2021, Defendants filed a notice of removal of this action to the instant Court based on diversity of the parties. On May 20, 2021, Plaintiff filed a motion to remand this action back to state court. On the night of June 2, 2021, the eve of Defendants' deadline to oppose Plaintiff's motion to remand, Plaintiff without explanation filed a notice of withdrawal of their motion to remand. Indeed, Plaintiff's motion to remand was wholly meritless because, among other reasons, a clause "providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county." *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008); *accord Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011). On May 26, 2021, Defendants filed a Motion to Dismiss

the Complaint. The Motion to Dismiss was heard by the Court on August 5, 2021, and was granted in part and denied in part pursuant to the Court's minute order served on August 9, 2021. (ECF No. 52.)

### 3. LEGAL ISSUES

**Plaintiff's Statement:** The main legal issues and disputed factual issues in this case include: (1) whether Defendants misrepresented the square footage and personnel capacity of the Premises; (2) whether Defendants knew that their misrepresentations as to the area and personnel capacity of the Premises were false, or whether they made the misrepresentations recklessly without regard for the truth; (3) whether Defendants had reasonable grounds to believe their representations were true; (4) whether Defendants intended that Nextdoor rely on their misrepresentations; (5) whether Defendants knew that Nextdoor was mistaken as to the area and capacity of the Premises and used that mistake to Nextdoor's disadvantage; (6) whether Nextdoor's mistake was caused by excessive carelessness; (7) whether Defendants' misrepresentations of the square footage and personnel capacity of the Premises were material to Nextdoor's decision to lease the Premises; (8) whether Nextdoor reasonably relied on Defendants' misrepresentations about the square footage and personnel capacity of the Premises; (9) whether Nextdoor is entitled to rescind the Lease; (10) whether Nextdoor is entitled to reform the Lease; (11) whether Nextdoor is entitled to affirm the Lease and seek monetary damages from Defendants; (12) whether Defendant Seven Equity Group, LLC is directly liable, liable as an *alter ego* of one or more of the remaining Defendants or both; and (13) whether CBRE Group, Inc. was acting as Defendants' agent in the context of marketing the Premises for lease and relaying Defendants' position on the terms set forth in the LOI and the Lease.

Nextdoor's fraud-based claims are governed by California state substantive law as detailed in, among other published decisions, *Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230 (2013), *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784 (2008), *Furla v. Jon Douglas Co.*, 65 Cal. App. 4th 1069 (1998), *Piazzini v. Jessup*, 153 Cal. App. 2d 58 (1957), and *Younis v. Hart*, 59 Cal. App. 2d 99 (1943). Nextdoor's mistake claims are also governed by

California state substantive law as detailed in, among other published decisions, *Donovan v. RRL Corp.*, 26 Cal. 4th 261 (2001) and *Architects & Contractors Estimating Servs., Inc. v. Smith*, 164 Cal. App. 3d 1001 (1985), as further elucidated by the Restatement (Second) of Contracts § 153 (1981).  *See also* ECF 52 (citing *Merced Cty. Mut. Fire Ins. Co. v. California*, 233 Cal. App. 3d 765, 771 (1991); *Graber v. Mayem*, 426 F.2d 789, 790 (9th Cir. 1970)).

**Defendant's Statement:**  The main legal and factual issues in dispute include (1) whether Defendants misrepresented the square footage and personnel capacity of the Premises; (2) whether it was reasonable for Plaintiff to rely on Defendants' alleged representations, when it was assisted by a Fortune 500 real estate advisor; (3) whether Plaintiff relied on any purported representations made by Defendants, when Plaintiff admits it possessed the ability to obtain documentation that would have shown the measurement standards being used for the Premises; (4) whether Defendants' purported representations about the square footage of the Premises were material to Plaintiff's decision to enter into the Lease; (5) whether by negotiating and executing an amendment to the Lease after the Stevenson Report became available, Plaintiff waived any argument that any purported representations by Defendants regarding the square footage and/or personnel capacity of the Premises were material misrepresentations; (6) whether Plaintiff can demonstrate Defendants had an intent to defraud or acted negligently as to the truth or falsity of any representation; (7) whether Stevenson's use of a load factor was reasonable; (8) whether Plaintiff can prove the requisite elements of mutual mistake; (9) whether Plaintiff adequately pleads that Seven Equity is an alter ego of the remaining Defendants; (10) whether Plaintiff has suffered any damages caused by Defendants' purported conduct.

As set forth in greater detail in Defendants' briefing on their Motion to Dismiss, Defendants disagree that *Thrifty*, *McClain*, *Furla*, *Piazzini*, *Younis*, and the other authorities cited by Plaintiff apply for the propositions for which Plaintiff cites them.  Among other distinctions, Plaintiff is a multi-billion dollar corporation who was represented by a Fortune 500 real estate advisor in the transaction at issue; and the alleged "fraud" would have been revealed to Plaintiff had it reviewed

the readily available Stevenson Report prior to entering into a nine-year commercial lease agreement.

**4.    MOTIONS**

The parties anticipate moving jointly for entry of a protective order governing the production and use of confidential information in this case and for an order governing the discovery of electronically stored information ("ESI").  Nextdoor previously filed a Motion to Remand which was withdrawn on June 2, 2021.  Defendants contend that Nextdoor's Motion to Remand was wholly meritless, and further note that Plaintiff withdrew its Motion to Remand without explanation on the eve of Defendants' deadline to file its opposition thereto.[1] [2] Defendants' Motion to Dismiss, which was heard on August 5, 2021 at 1:30 p.m., was granted in part and denied in part.  The parties anticipate cross-moving for summary judgment on some or all of the alleged claims and defenses at an appropriate time.  The parties may file discovery motions to the extent disputes arise and cannot be resolved informally.

**5.    AMENDMENT OF PLEADINGS**

Nextdoor will file an amended complaint pursuant to the Court's minute order (ECF 52) granting Nextdoor leave to amend its allegations.  The parties have stipulated that Nextdoor shall have 45 days, or until September 23, 2021, to amend its Complaint pursuant to that minute order.  Each Defendant shall have 14 days after Nextdoor files its First Amended Complaint to respond to the First Amended Complaint.  Nextdoor further reserves the right to move for leave to file subsequent amended pleadings to add new parties, factual allegations, or claims for relief, as permitted under the Federal Rules of Civil Procedure and authorized by the Court.  The parties

---

[1]  Plaintiff contends that, as explained in Plaintiff's portion of Section 2, *supra*, Defendants improvidently removed this case contrary to the forum selection clause in Paragraph 37 of the Lease.  Nextdoor withdrew its Motion to Remand after this case was re-assigned to Your Honor to avoid the prospect of Defendants further delaying resolution of this case on the merits.

[2]  Defendants contend that, as explained in Defendants' portion of Section 2, *supra*, Plaintiff's motion to remand was wholly meritless because, among other reasons, a clause "providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county."  *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008); *accord Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011).

propose that the final deadline to file any amended pleading be December 17, 2021, or 45 days after this Court grants any future motion to dismiss with leave to amend, whichever is later.

To the extent Plaintiff intends to amend its Complaint to allege further theories of liability against Seven Equity, Defendants reserve the right to move to dismiss such amended allegations on any grounds available at law.

**6.  EVIDENCE PRESERVATION**

Counsel have reviewed and discussed this Court's Guidelines for the Discovery of ESI and have agreed upon reasonable steps to preserve evidence, including electronically stored information, relevant to the issues reasonably evident in this action. The parties each represent that they have taken all necessary steps to preserve potentially relevant hard-copy and electronic documents and data relevant to this litigation. Specifically, the parties have made, and will continue to make, reasonable efforts to preserve all electronic data relevant to either party's claims or defenses.

**7.  DISCLOSURES**

The Parties shall serve their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on August 13, 2021.

**8.  DISCOVERY**

Nextdoor has served requests for written discovery on all Defendants, including Requests for Production of Documents and Things, Interrogatories, and Requests for Admission. Nextdoor further intends to notice depositions of percipient witnesses in this case, including Defendants' representatives and employees, such as Ray Falack of Seven Equity, as well as Rule 30(b)(6) depositions of each Defendant. Nextdoor has also served subpoenas on non-parties CBRE Group, Inc. and Stevenson Systems, Inc. and may serve subpoenas on other non-parties later identified as likely possessing discoverable information. Nextdoor also anticipates expert discovery.

Defendants intend to serve written discovery, including Requests for Production of Documents, Interrogatories, and Requests for Admission on Plaintiff. Defendants further intend to notice the depositions of percipient witnesses and Plaintiff's Rule 30(b)(6) witness(es).

Defendants may also serve third-party discovery as the need arises. Defendants may also engage in expert discovery to the extent appropriate.

The parties are still conferring regarding a proposed stipulation and protective order to govern the discovery of confidential information in this case and anticipate either filing a stipulation or cross-motions in advance of, or shortly following, the Case Management Conference. The parties also anticipate either filing a stipulation or cross-motions governing the production of ESI in advance of, or shortly following, the Case Management Conference.

Nextdoor intends to conduct formal discovery on all of its claims, including the following topics:

- The area and dimensions of the building located at 420 Taylor Street in San Francisco (the "Premises");
- Defendants' legal relationship with CBRE Group, Inc. ("CBRE") as it pertains to the Premises;
- Communications and documents exchanged between CBRE and Jones Lang LaSalle Brokerage, Inc. ("JLL") regarding the Premises;
- The marketing of the Premises for lease, including, but not limited to, the preparation of the marketing brochure attached as Exhibit A to the Complaint;
- Communications with other prospective tenants looking to lease the Premises;
- Communications and documents regarding the parties' negotiations to lease the Premises;
- The Letter of Intent (the "LOI") for the Premises, attached as Exhibit B to the Complaint, including the representation that he Premises consisted of 115,766 RSF as measured in general conformance with BOMA 2017;
- The Lease Agreement (the "Lease") for the Premises, attached as Exhibit D to the Complaint;

- Defendants' communications with Stevenson Systems, Inc. ("Stevenson") concerning differences among various BOMA measurements and standards in calculating the area of the Premises;
- The measurement report prepared by Stevenson (the "Stevenson Report"), attached as Exhibit E to the Complaint, as well as all revisions requested by one or more Defendants before the "Final" report (Exhibit E) was issued by Stevenson;
- The origin of and interrelationships between each Defendant, including the extent to which each Defendant has a unity of interest with any other Defendant, the extent to which any Defendant is undercapitalized and unable to pay a monetary judgment arising from this case, and the extent to which any Defendant used another Defendant to carry out misconduct; and
- The business role each Defendant played with respect to the Premises.

Defendants' anticipated areas of discovery may include, but are not necessarily limited to:

- All communications relating to the Lease and/or the Premises, including communications between the parties, as well as communications between and/or involving relevant third parties such as CBRE, JLL, and Stevenson.
- Documents relating to Plaintiff's projections and estimates for staffing.
- Documents relating to the amount of office space needed by Plaintiff, including documents relating to any remote work policies enacted during the COVID-19 pandemic.
- Documents relating to Plaintiff's search for other commercial properties, prior to the COVID-19 pandemic, during the COVID-19 pandemic, and on a going-forward basis.
- Documents relating to Plaintiff's understanding of the square footage of the Premises.

- Documents relating to the recently announced SPAC transaction and any materials, statements, communications in connection with the SPAC transaction that relate to the building at issue in the lawsuit.

The Parties agree that absent a specific showing of need, documents created on or after March 11, 2021 that are subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity do not need to be included in a privilege log.  Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502 and the Protective Order and/or ESI Order to be entered in this action.  The parties further agree to follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) for the inadvertent disclosure of information subject to the attorney-client privilege, work-product protection, or any other applicable privilege, immunity, or protection.

Plaintiff contends that documents identified in the parties' Rule 26(a) Initial Disclosures or responsive to document requests should be produced on a rolling basis as soon as they have been located, Bates numbered, and reviewed for privilege; provided however, that the parties agree to work with reasonable diligence in searching for, reviewing, and producing such documents. However, this does not change or modify the parties' obligations to timely produce documents pursuant to Fed. R. Civ. P. 34(b)(2).  Defendants are agreeable to a rolling production of documents responsive to written document requests, subject to any applicable objections, but note that the requirements of Rule 26(a)(1)(A)(ii) are satisfied by a "description by category and location" of documents, ESI, and tangible things the parties may use to support their claims or defenses.

Plaintiff proposes the following modifications to the discovery rules set forth in the Federal Rules of Civil Procedure:  A maximum of 50 requests for admission with respect to substantive matters may be served upon each party in this case; an unlimited number of requests for admission may be served upon each party with respect to authenticating documents; pursuant to Fed. R. Civ. P. 30(b)(1), a maximum of ten fact depositions per side, absent a showing of good cause; a total 14-hour limit for all 30(b)(6) topics for a party which is a business entity; each non-30(b)(6)

deposition is limited to a maximum of 7 hours; the limits as to numbers/hours of depositions do not include non-party or expert depositions.

Defendants are generally agreeable to the discovery modifications proposed by Plaintiff, with the exception that Defendants will not agree to a 14-hour time limit for Rule 30(b)(6) designees. Defendants are willing to revisit the issue of the time limit for Rule 30(b)(6) designees if appropriate at a later point.

The parties agree to meet and confer in good faith to attempt to resolve any discovery disputes before seeking intervention of the Court.

**9.   CLASS ACTIONS**

This is not a class action.

**10.   RELATED CASES**

There are no related cases or proceedings pending before another judge of this Court, another court, or any administrative body.

**11.   RELIEF**

**Plaintiff's Statement:** Nextdoor prays for the following relief: (1) a judicial determination declaring the Lease to be voidable at the election of Nextdoor; (2) rescission of the Lease; (3) reformation of the Lease; (4) actual and consequential damages; (5) monetary restitution and/or disgorgement at least equal to the rent Nextdoor has overpaid the Defendants through final judgment; (6) punitive and exemplary damages to punish Defendants for its malicious, fraudulent, and oppressive behavior, and to deter the Defendants and others from engaging in similar conduct in the future; (7) pre-judgment interest to accrue at the maximum rate allowable by law; (8) post-judgment interest to accrue at the maximum rate allowable by law; (9) Nextdoor's costs; (10) any other relief permitted by law or as deemed appropriate by the Court..

Nextdoor intends to rely on the testimony of a damages/economic expert to support its damages claims.

**Defendants' Statement:** Defendants contend that Plaintiff is not entitled to any relief. Defendants reserve the right to seek attorney's fees and costs to the extent allowable by law or contract.

**12.  SETTLEMENT AND ADR**

The parties do not believe settlement is likely at this time and have not engaged in any substantive settlement discussions or ADR processes to date.  The parties remain open to settlement discussions as the case proceeds.

The parties have met and conferred pursuant to ADR Local Rule 3-5.  Plaintiff proposes submitting to a settlement conference with a magistrate judge.  Defendants are open to a settlement conference or private mediation, but believe that discussion of resolution may be premature at this early juncture.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants declined to consent to the jurisdiction of a magistrate judge for all purposes.

**14.  OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  NARROWING OF ISSUES**

The parties will continue to meet and confer on ways to potentially narrow the number of issues in dispute.

**16.  EXPEDITED TRIAL PROCEDURES**

This is not a case amenable to the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.  SCHEDULING**

Plaintiff proposes the following litigation schedule:

| Event | Proposed Deadline |
|---|---|
| Rule 26(f) Conference | (completed as of time of submission) |

| | |
|---|---|
| Initial Disclosures | August 13, 2021 |
| Case Management Conference | August 24, 2021 |
| Last Date to Add Parties/Amend Pleadings | December 17, 2021 (or 45 days after any future motion to dismiss is granted with leave to amend, whichever is later) |
| Substantial Completion of Document Production | January 14, 2021 |
| Fact Discovery Cut-Off (discovery must be served sufficiently in advance of cut-off so as to allow responding party sufficient time to respond by cut-off date under Federal Rules of Civil Procedure) | January 27, 2022 |
| Expert Designations / Disclosures (where party has burden of proof) | January 27, 2022 |
| Rebuttal Expert Reports | February 17, 2022 |
| Expert Discovery Cut-Off | March 10, 2022 |
| Last Date to File Dispositive Motions | March 31, 2022 |
| Last Date to File Responses to Dispositive Motions | April 21, 2022 |
| Last Date to File Replies re Dispositive Motions | May 5, 2022 |
| Last Date to Hear Dispositive Motions | May 19, 2022 |
| Last Date to Meet & Confer re Joint Pretrial Conference Statement | June 14, 2022 |
| Last Date to File Joint Pretrial Statement / Trial Briefs | July 5, 2022 |
| Last Date to File Objections & Motions *in Limine* | July 15, 2022 |
| Final Pretrial Conference | July 26, 2022 |
| Jury Trial Start Date | August 22, 2022 |

Defendants are amenable to the schedule proposed by Plaintiff, with the exception of postponing the following dates:

| Substantial Completion of Document Production | February 11, 2021 |
| --- | --- |
| Fact Discovery Cut-Off | February 24, 2022 |
| Expert Designations / Disclosures (where party has burden of proof) | February 24, 2022 |
| Rebuttal Expert Reports | March 17, 2022 |
| Expert Discovery Cut-Off | April 7, 2022 |

**18.   TRIAL**

This case shall be tried to a jury.  Based on all claims currently pled, the estimated length of trial is 4–6 days.  This estimate is subject to change if new claims or parties are added to or dismissed from this case.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Both parties have filed their respective Certificates of Interested Entities and Persons in accordance with Local Civil Rule 3-15.  *See* ECF 4, 10.

**20.   PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   OTHER MATTERS**

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service via electronic mail to counsel of record of all papers requiring service and further agree that filing via the Court's ECF system constitutes electronic service.  For the purpose of computing time under Fed. R. Civ. P. 6, service via electronic mail or the ECF system shall be considered the same as personal service.

1  DATED this 13th day of August, 2021.

2  QUINN EMANUEL URQUHART &     FOLEY & LARDNER LLP
   SULLIVAN LLP

5  /s/Morgan W. Tovey     /s/Lewis Zirogiannis
   Morgan W. Tovey     Lewis Zirogiannis

*Attorneys for Plaintiff Nextdoor, Inc.*     *Attorneys for Defendants 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, 420 Taylor Holdings Owner LLC, and Seven Equity Group, LLC*

**ATTESTATION**

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the content of this filing and have authorized the filing.

Dated: August 13, 2021                                /s/Morgan W. Tovey