QUINN EMANUEL URQUHART & SULLIVAN, LLP
Morgan W. Tovey (Bar No. 136242)
morgantovey@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700
Ryan Landes (Bar No. 252642)
ryanlandes@quinnemanuel.com
Dakota S. Speas (Bar No. 323853)
dakotaspeas@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

*Attorneys for Plaintiff Nextdoor, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>420 TAYLOR VENTURES, LLC, NT 420 TAYLOR OWNER LLC, NH 420 TAYLOR OWNER LLC, 420 TAYLOR HOLDINGS OWNER LLC, SEVEN EQUITY GROUP, LLC, and DOES 1-50,<br><br>        Defendants. | CASE NO. 3:21-cv-03341-EMC<br><br>**PLAINTIFF NEXTDOOR'S ADMINISTRATIVE MOTION TO FILE OPPOSITION TO SEVEN EQUITY GROUP'S MOTION TO DISMISS UNDER SEAL**<br><br>The Hon. Edward M. Chen<br><br>Trial Date:    August 29, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Northern District of California Local Rules 7-11 and 79-5, Plaintiff Nextdoor, Inc. ("Nextdoor") respectfully moves for an order granting leave for Nextdoor to file the un-redacted version of its Opposition to Seven Equity Group, LLC's motion to dismiss (the "Opposition"), attached here, with proposed redactions highlighted, under seal.  A redacted version of the Opposition to be filed on the public docket is also attached to this document.  Nextdoor brings this Motion on two separate bases:  (1) in compliance with Local Rule 79-5(b), and pursuant to an agreement of the parties, the proposed redactions to the Opposition are narrowly tailored to references to confidential rent and pricing terms in a Letter of Intent (the "LOI") and a Lease Agreement (the "Lease") between the parties, and (2) in compliance with Local Rule 79-5(e), Nextdoor is provisionally filing under seal un-redacted quotations from documents that have been produced confidentially by non-party Stevenson Systems, Inc. ("Stevenson") and Defendants, respectively.  Pursuant to Local Rule 79-5(e)(1), Stevenson and Defendants shall have four days from the filing of this Motion to Seal to file declarations establishing that the quotations from the documents they designated as confidential are sealable.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Where a document is "more than tangentially related to the underlying cause of action," it may only be sealed for "compelling reasons."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099–02 (9th Cir. 2016).  Consistent with these authorities, the Northern District of California Local Rules instruct that all motions to seal "must be narrowly tailored to seek sealing only of sealable material."  N.D. Cal. L.R. 79-5(b).

There are compelling reasons to file the un-redacted version of the Opposition under seal because it references confidential rent and pricing terms from the LOI and the Lease that, if publicly disclosed, would harm the parties' "competitive standing."  *Nixon*, 435 U.S. at 598; *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Specifically, revelation of the rent and pricing terms that the parties agreed to in the LOI and the Lease would competitively disadvantage the parties in future business negotiations by providing third parties an unfair preview of

the parties' prior negotiating positions and strategies.  Declaration of Dakota S. Speas ¶ 3; *see, e.g.*, *Celgard, LLC v. Targray Tech. Int'l Inc.*, 2019 WL 3841997, at *3 (N.D. Cal. Aug. 15, 2019) (granting application to seal a proposed confidential settlement agreement following counsel's declaration that the document would give the applicant's competitors an unfair "preview of its negotiating positions and strategy"); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 2018 WL 1811471, at *4 (E.D. Mich. Apr. 17, 2018) (granting motion to seal documents that revealed confidential contract terms, rate information, and negotiations between the parties); *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 2013 WL 12141532, at *11-*13 (W.D. Pa. Sept. 16, 2013) (recommending sealing of documents that revealed a party's confidential negotiations and dealings with a competitor); *F.T.C. v. OSF Healthcare Sys.*, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) (granting motion to seal contracts and related documents that revealed a party's negotiating strategies and techniques along with rates charged and pricing terms).

The un-redacted version of Nextdoor's Opposition should be filed under seal on the ground that it includes references to rent and pricing terms reflected in the LOI and the Lease that the parties have agreed should remain confidential.

Nextdoor takes no position on the propriety of filing under seal quotations from documents produced confidentially by Stevenson or Defendants.  However, in compliance with Local Rule 79-5(e), Nextdoor provisionally redacts these quotations so that Stevenson and Defendants may each have an opportunity to justify in a separate declaration why any of these quotations should be redacted.

DATED:  November 9, 2021            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By       /s/ Morgan W. Tovey
   Morgan W. Tovey
   *Attorneys for Plaintiff Nextdoor, Inc.*