LEWIS ZIROGIANNIS, CA Bar No. 321955
    lzirogiannis@foley.com
JAIME DORENBAUM, CA Bar No. 289555
    jdorenbaum@foley.com
JASON Y. WU, CA Bar No. 313368
    jwu@foley.com
HEATHER A. LEE (*admitted pro hac vice*)
    hlee@foley.com
FOLEY & LARDNER LLP
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:    415.434.4507

*Attorneys for Defendants 420 Taylor Ventures, LLC,
NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC,
420 Taylor Holdings Owner LLC, and Seven Equity Group, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEXTDOOR, INC., a Delaware Corporation,<br><br>PLAINTIFF,<br><br>V.<br><br>420 TAYLOR VENTURES, LLC, a Delaware Limited Liability Company, NT 420 TAYLOR OWNER LLC, a Delaware Limited Liability Company, NH 420 TAYLOR OWNER LLC, a Delaware Limited Liability Company, 420 TAYLOR HOLDINGS OWNER LLC, a Delaware Limited Liability Company, SEVEN EQUITY GROUP, LLC, and DOES 1–50,<br><br>DEFENDANTS. | CASE NO. 3:21-CV-03341-EMC<br><br>**DEFENDANT SEVEN EQUITY GROUP, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Removed from the Superior Court of the State of California for the County of San Francisco, Case No. CGC-21-590369<br><br>Complaint Filed:  March 11, 2021<br>Notice of Removal Filed:  May 5, 2021<br><br>Date:  December 15, 2021<br>Time:  9:30 a.m.<br>Courtroom By Videoconference<br><br>Hon. Edward M. Chen<br>Trial Date:  August 29, 2022 |

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT..........................................................................................................................2

    A. The Amended Complaint Lacks The Well-Pled Factual Allegations Required To State a Claim that Seven Equity Had a Direct Role in the Alleged Conduct. ....................2

    B. Plaintiff's Reallegation of Its Alter Ego Claim Transgresses The Court's Limited Grant of Leave To Amend. ................................................................................................4

    C. Seven Equity Is Not an Alter Ego of the Leasing Defendants.............................................6

        1. The Amended Complaint Fails To Plead Unity of Interest or Ownership Between Seven Equity and the Leasing Defendants................................................7

        2. Plaintiff Does Not Plead that an Inequitable Result Will Occur if Seven Equity's Corporate Form is Respected. .................................................................10

III. CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*United States ex rel. Anita Silingo v. WellPoint, Inc.*,
   904 F.3d 667 (9th Cir. 2018) .................................................................................................. 2, 3

*Benson v. JPMorgan Chase Bank, N.A.*,
   673 F.3d 1207 (9th Cir. 2012) .................................................................................................... 2

*Bly-Magee v. Calif.*,
   236 F.3d 1014 (9th Cir. 2001) .................................................................................................... 9

*Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*,
   No. 17-CV-04732-PJH (SK), 2019 WL 1768619 (N.D. Cal. Apr. 1, 2019) .............................. 9

*Calvert v. Huckins*,
   875 F. Supp. 674 (E.D. Cal. 1995) ............................................................................................. 7

*Chandler v. Brennan*,
   No. CV-20-00924-PHX-DWL, 2021 WL 4503423 (D. Ariz. Oct. 1, 2021) .............................. 5

*Colt Studio, Inc. v. Badpuppy Enter.*,
   75 F. Supp. 2d 1104 (C.D. Cal. 1999) ....................................................................................... 9

*Covington v. Curtis*,
   No. SACV 12-1258 JVS, 2012 WL 13162890 (C.D. Cal. Oct. 30, 2012) ................................. 7

*GEC US 1 LLC v. Frontier Renewables, LLC*,
   No. 16-CV-1276 YGR, 2016 WL 4677585 (N.D. Cal. Sept. 7, 2016) ....................................... 4

*Gerritsen v. Warner Bros. Entm't Inc.*,
   112 F. Supp. 3d 1011 (C.D. Cal. 2015) .............................................................................. 6, 7, 8

*Gordon v. APM Terminals N. Am., Inc.*,
   No. 17-CV-03970-MEJ, 2017 WL 3838092 (N.D. Cal. Sept. 1, 2017) ..................................... 6

*Greenbaum v. KC Jewelry, Inc.*,
   No. 216CV06845SVWJPR, 2017 WL 5496224 (C.D. Cal. Jan. 25, 2017) ........................ 6, 10

*Hypower, Inc. v. SunLink Corp.*,
   No. 14-CV-00740-TEH, 2014 WL 1618379 (N.D. Cal. Apr. 21, 2014) ................................... 6

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ...................................................................................................... 3

*Kramer Motors, Inc. v. British Leyland, Ltd.*,
   628 F.2d 1175 (9th Cir. 1980) .................................................................................................... 8

*Lifecare Int'l, Inc. v. St. Jude Med., Inc.*,
  No. CV-98-2263CAS RNBX, 1998 WL 469868, at *2 (C.D. Cal. June 1, 1998) ...............................9

*Moore v. Kayport Package Exp., Inc.*,
  885 F.2d 531 (9th Cir. 1989) ...........................................................................................................7

*Naghavi v. Belter Health Measurement & Analysis Tech. Co.*,
  No. 20-CV-01723-H-KSC, 2021 WL 461725 (S.D. Cal. Feb. 9, 2021) ..........................................4

*Neilson v. Union Bank of Calif., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ........................................................................................10

*Ovation Toys Co. v. Only Hearts Club*,
  675 F. App'x 721 (9th Cir. 2017) ...........................................................................................2, 4, 5

*PB Farradyne, Inc. v. Peterson*,
  No. C 05-3447 SI, 2006 WL 2578273 (N.D. Cal. Sept. 6, 2006) ....................................................5

*R&R adopted,* No. 17-CV-04732-PJH, 2019 WL 1767332 (N.D. Cal. Apr. 22, 2019) .............................9

*Sawyer v. Bill Me Later, Inc.*,
  No. CV1004461SJOJCGX, 2010 WL 11492736 (C.D. Cal. Dec. 14, 2010) ..................................6

*Shanghai Automation Instrument Co. v. Kuei*,
  194 F. Supp. 2d 995 (N.D. Cal. 2001) ............................................................................................8

*Sheppard v. Staffmark Inv.*,
  LLC, No. 20-CV-05443-BLF, 2021 WL 690260 (N.D. Cal. Feb. 23, 2021) ..................................6

*In re Sinaltrainal Litig.*,
  474 F. Supp. 2d 1273 (S.D. Fla. 2006) ...........................................................................................5

*In re Sinaltrainal. Sinaltrainal v. Coca-Cola Co.*,
  578 F.3d 1252 (11th Cir. 2009) ......................................................................................................5

*Sinaltrainal, Est. of Gil v. Coca-Cola Co.*,
  No. 01-3208-CIV, 2003 WL 1846195 (S.D. Fla. Mar. 31, 2003) ...................................................5

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir.), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001).....2, 7, 9

*Tan v. Quick Box, LLC*,
  No. 3:20-CV-01082-H-DEB, 2020 WL 7226440 (S.D. Cal. Dec. 8, 2020) ................................2, 3

*Total Benefits Plan. Agency Inc. v. Anthem Blue Cross & Blue Shield*,
  630 F. Supp. 2d 842 (S.D. Ohio 2007), *aff'd,* 552 F.3d 430 (6th Cir. 2008) ..................................6

*United States v. Pangang Grp. Co.*,
  879 F. Supp. 2d 1052 (N.D. Cal. 2012) ..........................................................................................8

*Wilson v. Training Plus, Inc.*,
   No. 03-2431-JWL, 2003 WL 22757929 (D. Kan. Nov. 13, 2003) ......................................................5

*Yih v. Taiwan Semiconductor Mfg. Co., Ltd.*,
   No. 5:20-CV-04184-EJD, 2020 WL 6290377 (N.D. Cal. Oct. 27, 2020), *aff'd sub nom. Yih v. Taiwan Semiconductor Mfg. Co., Ltd,* No. 20-17237, 2021 WL 3783096 (9th Cir. Aug. 26, 2021) 7, 9

**State Cases**

*Alicia T. County of L.A.,* 222 Cal. App. 3d 869 (1990) ...................................................................8

*Doney v. TRW, Inc.*,
   33 Cal. App. 4th 245 (1995) ...................................................................................................8

*Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*,
   235 Cal. App. 3d 1220 (1991) ...............................................................................................6, 8

*Mani Invs. v. Harouche*,
   No. B263486, 2016 WL 2901755 (Cal. Ct. App. May 13, 2016) ...........................................8, 9

*McLaughlin v. L. Bloom Sons Co.*,
   206 Cal. App. 2d 848, 24 Cal. Rptr. 311 (1962) ....................................................................8

*Pan Pac. Sash & Door Co. v. Greendale Park, Inc.*,
   166 Cal. App. 2d 652 (1958) ..................................................................................................8

*Phillips v. Cooper Lab'ys*,
   215 Cal. App. 3d 1648 (1989) ...............................................................................................7

*Talbot v. Fresno-Pac. Corp.*,
   181 Cal. App. 2d 425 (1960) ................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 9 ...............................................................................................................................9

Fed. R. Civ. P. 12(f) .........................................................................................................................5

N.D. Cal. Local Rule 3-4(e) ............................................................................................................8

## I.     **INTRODUCTION**

On August 5, 2021, this Court held that Plaintiff[1] "fail[ed] to make the requisite showing of alter ego liability" as to Seven Equity, and therefore dismissed Plaintiff's Complaint insofar as it purported to assert claims against Seven Equity. ECF No. 52 at 6. The Court granted Plaintiff limited leave to amend, "to allege more specifically that Seven Equity had a direct and independent role" in the alleged misconduct. *Id.* (emphasis omitted). Plaintiff ignored the particulars of this directive (just as it seeks to ignore its obligations under the Lease, the legal distinctness of Seven Equity from the Leasing Defendants, and the test for alter ego liability) when it framed and filed its Amended Complaint. The Amended Complaint not only purports to assert a direct theory of liability against Seven Equity, but also, in contravention of this Court's mandate, re-alleges the alter ego theory. Because the Amended Complaint fails to state a claim against Seven Equity under either theory, Seven Equity moved to dismiss. ECF No. 75.

Plaintiff also disregards material, undisputed allegations contained in the Amended Complaint and its exhibits (and necessary corollaries thereof) – namely, that Seven Equity is not an owner of the Premises, is not a party to the Lease, and did not contract with CBRE, Stevenson, or Perkins+Will regarding the Premises. *E.g.,* Am. Compl. Exs. I, J. Instead, Plaintiff's Opposition brief (ECF No. 87, the "Opposition"), like the Amended Complaint, simply sprinkles the name "Seven Equity" throughout. But Plaintiff's empty references to Seven Equity are insufficient to establish Seven Equity's direct involvement in this case, and they certainly cannot alter the truth: Seven Equity has nothing to do with this case.

Plaintiff likewise ignores the standard for alter ego liability. Rather, the Opposition urges the Court to conclude that Seven Equity is the alter ego of the Leasing Defendants simply because *one* member of *one* of the four Leasing Defendants also is a member of Seven Equity and the Leasing Defendants allegedly are undercapitalized.[2] The governing legal standard, however, requires much more: unity of ownership and unity of interest among the alleged alter egos.

---

[1] Capitalized terms not defined herein have the meaning assigned in the Motion to Dismiss (ECF No. 75).
[2] Plaintiff knows this allegation is false from the Leasing Defendants' and Seven Equity's responses to Plaintiff's First Sets of Requests for Admissions, which show the Leasing Defendants assets are not less than $20 million.

Accordingly, because the Amended Complaint trespasses the Court-prescribed parameters of an amended pleading, fails to plead non-conclusory facts sufficient to support its direct liability claims against Seven Equity, and fails to apply the pertinent alter ego legal standard, the Amended Complaint should be dismissed with prejudice.

## II. ARGUMENT

### A. The Amended Complaint Lacks The Well-Pled Factual Allegations Required To State a Claim that Seven Equity Had a Direct Role in the Alleged Conduct.

Plaintiff spends pages and pages repeating its Amended Complaint's allegations as to the supposed fraud, which is a clear attempt to distract the Court, as the fraud itself is totally unrelated to the subject of this Motion, *to wit,* whether Seven Equity could be held liable for the alleged misconduct. Indeed, the Amended Complaint's allegations as to Seven Equity's supposed direct role in the purported fraud, repeated (and repeated again) in the Opposition, attempt to drag Seven Equity into this dispute based ***only*** on ***Ray Falack's*** alleged conduct. *E.g.* Mot. at 6, n.4. In so constructing its case, Plaintiff ignores that Falack was acting in all relevant respects in his capacity as a member of Leasing Defendant 420 Taylor, and ***not on behalf of Seven Equity***. Plaintiff's bare assertion to the contrary simply is not plausible on its face, not to mention that it is belied by unambiguous, directly on point documentation in Plaintiff's possession, including contracts with each of Stevenson and CBRE showing that those entities contracted with 420 Taylor (and not with Seven Equity). Only a complaint's well-pled and reasonable allegations are accepted as true in deciding a motion to dismiss; the Court need not accept as true allegations that are "merely conclusory, unreasonable deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001); *accord Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1209 (9th Cir. 2012) (affirming dismissal of complaint for failure "adequately [to] plead a claim based on [defendant]'s independent conduct"). Indeed, this rule is acknowledged in Plaintiff's case of *Tan v. Quick Box, LLC*, No. 3:20-CV-01082-H-DEB, 2020 WL 7226440 (S.D. Cal. Dec. 8, 2020), in which the court recognized that it was "under no obligation to take Plaintiff's conclusory and factually unsupported allegations as true." 2020 WL 7226440, at *8, *20.

Plaintiff's reliance on *Tan*, and *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d

667, 676 (9th Cir. 2018), is misplaced in any event, because the holdings in both of these cases turned on the respective complaints' ***group pleading*** fraud. Group pleading is not even at issue here. Further, each of these cases involved group pleading allegations against defendants ***that all played the "same role" in the alleged fraud***. For instance, in *Tan*, the defendants challenged the plaintiff's use of group pleading to state its fraud claims, and the court found that group pleading was appropriate because the defendants all purportedly had essentially the same role in the alleged fraud. 2020 WL 7226440, at *26. Likewise, in *Silingo*, the court addressed the sufficiency of the plaintiff's group pleading fraud allegations and found that the plaintiff was not required to differentiate its allegations against the individual defendants because all of the defendants allegedly committed the same misconduct. 904 F.3d at 676, 680-81.  Put differently, each defendant was a similarly situated "spoke" – never a hub – in a "hub and spoke" conspiracy. Indeed, the Ninth Circuit in *Silingo* recognized this exact distinction, holding that collective allegations can address only "any parallel actions of the '***spokes***.'" *Id.* at 678 (emphasis added).[3]

Unlike in Plaintiff's cited cases, Seven Equity's Motion is not based upon improper group pleading. Moreover, Plaintiff here does not allege that Seven Equity played the same role as the Leasing Defendants, as parallel "spokes" in the alleged fraud.  In stark contrast, Plaintiff alleges (insufficiently) that Seven Equity played a completely distinct role from the Leasing Defendants—as the supposed singular "'hub' and ringmaster" of the alleged fraud.  Am. Compl. ¶ 2. Thus, the holdings of *Tan* and *Silingo*, which were limited to instances in which group pleading was raised against defendants with the "same role" in the alleged fraud, are inapplicable.  *Tan*, 2020 WL 7226440, at *26; *Silingo*, 904 F.3d at 677.

Further, Plaintiff's Amended Complaint fails to state a claim against Seven Equity because it pleads ***no facts*** that demonstrate that Seven Equity had ***anything*** to do with the conduct described in the Amended Complaint. Plaintiff's representation that Falack was acting on behalf of Seven Equity rests

---

[3] The only other case Plaintiff cites to support its contention that its second-try allegations against Seven Equity are sufficient is *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), but that case did not address the sufficiency of the plaintiff's allegations against a particular defendant. Rather, *Khoja*, a securities fraud case, primarily addressed whether the plaintiff adequately alleged that certain omissions and misstatements constituted actionable securities fraud. *See id. Khoja*, therefore, is irrelevant here.

only on (i) his having an @sevenequity.com email address, which he used when corresponding about the Premises, and (ii) the fact that notices to the Leasing Defendants were sent care of Seven Equity. *E.g*. Opp. at 12, 14. Neither of Plaintiff's building blocks supports its contrived argument.

Falack's use of his Seven Equity email address does not show that Falack was acting for Seven Equity when corresponding about the Premises.  Plaintiff's contention to the contrary need not be accepted as true as a matter of fact or as a matter of law. Seven Equity does not own the Premises, and is not a party to the Lease.  And legal precedent shows that Plaintiff's say-so that Falack was acting on behalf of Seven Equity is insufficient to establish Seven Equity's independent liability. *E.g. Naghavi v. Belter Health Measurement & Analysis Tech. Co.*, No. 20-CV-01723-H-KSC, 2021 WL 461725, at *6 (S.D. Cal. Feb. 9, 2021) (allegations that directors were acting on behalf of specified entity insufficient to plead directors were in fact acting on behalf of that entity); *GEC US 1 LLC v. Frontier Renewables, LLC*, No. 16-CV-1276 YGR, 2016 WL 4677585, at *11 (N.D. Cal. Sept. 7, 2016) ("The Court reads the allegations to be that Ertefai was traveling in his capacity as a representative of ASH and GEC, ***the parties actually involved in the asset transfer***, and not on behalf of ASH's parent Activ GmbH.") (emphasis added).

Nor does the Leasing Defendants' accepting notices sent care of Seven Equity establish Seven Equity's independent liability – any more than it would establish independent liability for a registered agent or law firm designated to receive contractual notices. Indeed, the Leasing Defendants also required notices be sent to their counsel, Rodriguez Wright, LLP. Am. Compl. Ex. J, ¶ 34.

### B. Plaintiff's Reallegation of Its Alter Ego Claim Transgresses the Court's Limited Grant of Leave To Amend.

To the extent that Plaintiff's claims against Seven Equity are premised upon Seven Equity's status as an alleged alter ego of the Leasing Defendants, the Court should dismiss the Amended Complaint because the Court did not allow Plaintiff to amend its alter ego theory. Rather, the Court held that Plaintiff "failed to make the requisite showing for alter ego liability" and expressly granted Plaintiff leave to amend ***only*** "to allege more specifically that Seven Equity ***had a direct and independent role***" in the conduct alleged in the Complaint. ECF No. 52 at 6 (emphasis added). Plaintiff ignored this express limitation in its Amended Complaint, wherein it repleads the same alter ego theory this Court

already deemed insufficient. For this reason alone, Plaintiff's alter ego claim should be dismissed or stricken. *See* Fed. R. Civ. P. 12(f).[4]

Plaintiff's contention that the Order allowed it to replead its alter ego theory of liability overlooks the Order's clear edict that Plaintiff could amend its Complaint only if it sought to allege a theory against Seven Equity based on its having "***a direct and independent role***" in the conduct alleged in the Complaint. ECF No. 52 at 6 (emphasis added). To interpret this language otherwise would render these words in the Order superfluous. Plaintiff's Opposition also ignores the authority that Seven Equity cites in its Motion, plainly establishing that when, as here, a plaintiff exceeds the permissible scope of amendment, the allegations exceeding those limitations should be stricken or dismissed. *E.g, Chandler v. Brennan,* No. CV-20-00924-PHX-DWL, 2021 WL 4503423, at *3 (D. Ariz. Oct. 1, 2021); *PB Farradyne, Inc. v. Peterson,* No. C 05-3447 SI, 2006 WL 2578273, at *3 (N.D. Cal. Sept. 6, 2006).

Trying to support its contention that it was permitted to replead its alter ego allegations, Plaintiff argues that leave to amend generally should be freely granted, and cites inapposite cases where, unlike here, leave to amend was denied as to ***all*** claims or theories of liability, and the courts therefore did not specify the scope of permitted amendment. *E.g. Ovation Toys Co. v. Only Hearts Club*, 675 F. App'x 721, 723 (9th Cir. 2017).

In what amounts to a motion for reconsideration of the Court's denial of leave to replead the alter ego theory of liability, Plaintiff tries to salvage its alter ego claim by arguing that it should be permitted discovery on it, relying on *Wilson v. Training Plus, Inc.*, No. 03-2431-JWL, 2003 WL 22757929, at *3 (D. Kan. Nov. 13, 2003). But the situation in *Wilson* was utterly unlike this one. There, the defendants "offered no arguments in response to plaintiff's alter ego theory. Thus, ***the court expresses no opinion on whether the allegations in plaintiff's complaint are sufficient, if true, to establish that Mr. Broadway is the alter ego of Training Plus*.**" *Id.* at *3, n.2 (emphasis added).[5] Nevertheless, Seven

---

[4] Plaintiff's suggestion that Seven Equity "did not move under Rule 12(f)" is wrong. Opp. at 15:12-14. The Motion was "made pursuant to Rules 9(b) and 12(b)(6) ***and (f)*** of the Federal Rules of Civil Procedure on the grounds that the Amended Complaint . . . contains a restated alter ego theory of liability with respect to Seven Equity, in violation of the scope of this Court's limited leave to amend, ***which should be stricken***." ECF No. 75 at 2:8-12 (emphases added); *see also, e.g., id.* at p. 11:18-19; 13:23-25.

[5] Plaintiff's further reliance on *Sinaltrainal, Est. of Gil v. Coca-Cola Co.*, No. 01-3208-CIV, 2003 WL 1846195 (S.D. Fla. Mar. 31, 2003) is improper, as that order was clarified in *In re Sinaltrainal Litig.*, 474 F. Supp. 2d 1273 (S.D. Fla. 2006), which itself was affirmed in part and vacated in part in *In re Sinaltrainal. Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252 (11th Cir. 2009) (finding plaintiffs had not

Equity has responded to Plaintiff's discovery requests, including its interrogatories and requests for admissions.

### C. Seven Equity Is Not an Alter Ego of the Leasing Defendants.

Even if Plaintiff did not exceed the Court-limited scope of amendment, Plaintiff's alter ego theory suffers from an obvious legal flaw that warrants dismissal:[6] Plaintiff contends it is trying to pierce the corporate veil (Opp. at 15-16), but ***Seven Equity is not behind that veil***. *See* ECF No. 1.[7] Seven Equity is not an owner of ***any*** of the Leasing Defendants. *Id.* So, not only does Plaintiff ask the Court to disregard the presumption of separateness to which corporations are entitled (*Gerritsen v. Warner Bros. Entm't Inc.,* 112 F. Supp. 3d 1011, 1043 (C.D. Cal. 2015)), but it also asks this Court to create legal relationships with repercussions of liability between wholly unrelated entities simply because ***one*** of the Leasing Defendants' owners also is an owner of Seven Equity. This overreaching is absurd; moreover, acceptance of Plaintiff's construct would eviscerate a critical and well-reasoned element of the alter ego test, requiring unity of ownership and interest. Plaintiff equally fails to satisfy the second prong of the alter ego test, which requires it to demonstrate that an inequitable result would follow if the Court respected Seven Equity's corporate form.

///

///

---

pled sufficient allegations to state a claim for relief).
[6] Plaintiff's contention that it is inappropriate for the Court to decide at the pleading stage whether it has pled facts sufficient to drag an uninvolved entity into this litigation, because alter ego liability is primarily a question of fact (Opp. at 16), is plainly inconsistent with controlling law. The Opposition relies on *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1249 (1991), which is a post-judgment case, and ignores that "both California state courts and federal courts have dismissed claims of alter ego liability at the pleadings stage." *Sawyer v. Bill Me Later, Inc.,* No. CV1004461SJOJCGX, 2010 WL 11492736, at *15 (C.D. Cal. Dec. 14, 2010); *see also, e.g., Greenbaum v. KC Jewelry, Inc.*, No. 216CV06845SVWJPR, 2017 WL 5496224, at *5 (C.D. Cal. Jan. 25, 2017).
[7] In a further attempt to obfuscate the truth, Plaintiff suggests the Court should disregard the Notice of Removal in deciding the Motion. Again, Plaintiff's suggestion is contrary to the law; the Court surely may consider the Notice of Removal in deciding the Motion. *See Hypower, Inc. v. SunLink Corp.*, No. 14-CV-00740-TEH, 2014 WL 1618379, at *1 (N.D. Cal. Apr. 21, 2014) ("court filings and orders are judicially noticeable because they have a direct relation to the matters at issue"); *Sheppard v. Staffmark Inv*., LLC, No. 20-CV-05443-BLF, 2021 WL 690260, at *1 (N.D. Cal. Feb. 23, 2021); *Total Benefits Plan. Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007), *aff'd,* 552 F.3d 430 (6th Cir. 2008) (on motion to dismiss, taking judicial notice of documents establishing ownership of entities); *Gordon v. APM Terminals N. Am., Inc.,* No. 17-CV-03970-MEJ, 2017 WL 3838092, at *1 (N.D. Cal. Sept. 1, 2017) (no need for judicial notice of documents that are already part of the record; such documents can be considered on motion to dismiss).

1. The Amended Complaint Fails To Plead Unity of Interest or Ownership Between Seven Equity and the Leasing Defendants.

Plaintiff fails to plead unity of interest or ownership as it does not, because it cannot, plead any material overlap between Leasing Defendants and Seven Equity. Rather, Plaintiff's whole theory hangs on the tenuous thread that Falack is one of dozens of owners of each of 420 Taylor and Seven Equity. This *de minimis* overlap is patently insufficient to plead that the Leasing Defendants are "mere instrumentalit[ies]" of Seven Equity. *Gerritsen,* 116 F. Supp. 3d at 1138. California courts routinely have held that even an overlap of "***several*** common officers and directors" is insufficient to demonstrate alter ego liability, *Phillips v. Cooper Lab'ys*, 215 Cal. App. 3d 1648, 1660 (1989) (emphasis added), and Plaintiff cannot even allege but a single individual in common. Nor can Plaintiff allege unity of interest, because it cannot plead that the Leasing Defendants and Seven Equity comingle funds or fail to respect the requisite corporate formalities.[8] *See Yih v. Taiwan Semiconductor Mfg. Co., Ltd.,* No. 5:20-CV-04184-EJD, 2020 WL 6290377, at *7 (N.D. Cal. Oct. 27, 2020), *aff'd sub nom. Yih v. Taiwan Semiconductor Mfg. Co., Ltd,* No. 20-17237, 2021 WL 3783096 (9th Cir. Aug. 26, 2021). In fact, Plaintiff is in possession of documents produced in discovery that demonstrate that it was the Leasing Defendants, not Seven Equity, that entered into contracts and paid invoices relating to the Premises. The Amended Complaint's dearth of allegations regarding unity of ownership among the Leasing Defendants and Seven Equity demonstrates that Plaintiff has not satisfied this element of the alter ego test. *See, e.g., Calvert v. Huckins,* 875 F. Supp. 674, 678 (E.D. Cal. 1995).

Plaintiff asks this Court to find Falack's status as an owner of Seven Equity and 420 Taylor, in and of itself, sufficient to render Seven Equity an alter ego not just of 420 Taylor, but also of the remaining three Leasing Defendants. Even the cases Plaintiff cites reject such a stretch of the unity of ownership requirement. For example, in *Covington v. Curtis*, No. SACV 12-1258 JVS, 2012 WL 13162890 (C.D. Cal. Oct. 30, 2012) the plaintiff alleged that the investors were ***members*** of the single-purpose LLC – thus

---

[8] While Plaintiff pleads "on information and belief" that the Leasing Defendants and Seven Equity did not respect corporate formalities, the Court need not accept as true allegations such as these, which are plainly contradicted by evidence properly considered at the motion to dismiss stage (*i.e.*, the Notice of Removal). *Sprewell,* 266 F.3d at 988; *see also Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 540 (9th Cir. 1989) ("allegations of fraud based on information and belief usually do not satisfy the particularity requirements under rule 9(b)") unless they "state the facts on which the[] belief is founded").

there was at least a corporate veil to "pierce" to reach the underlying members. This is not the case here: Plaintiff does not and cannot allege that Seven Equity is a member of any of the Leasing Defendants, or that any of the Leasing Defendants is a member of Seven Equity. Indeed, the overwhelming weight of authority discussing alter ego liability discusses it in the context of a parent-subsidiary or shareholder-corporation relationship—neither of which is present here. *See, e.g., Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1178 (9th Cir. 1980) (parent-subsidiary relationship); *Gerritsen*, 112 F. Supp. 3d at 1042 (parent-subsidiary relationship); *United States v. Pangang Grp. Co.*, 879 F. Supp. 2d 1052, 1067 (N.D. Cal. 2012) (parent-subsidiary relationship); *Doney v. TRW, Inc.*, 33 Cal. App. 4th 245, 249 (1995) ("Alter ego is essentially a theory of vicarious liability under which the ***owners of a corporation*** may be held liable for harm for which the corporation is responsible where, because of the corporation's utilization of the corporate form, the party harmed will not be adequately compensated for its damages.") (emphasis added).

Similarly, Plaintiff's citations on this point do not change this analysis. *Mani Invs. v. Harouche*, No. B263486, 2016 WL 2901755, at *1 (Cal. Ct. App. May 13, 2016), is an unpublished decision and therefore not properly cited (*see Alicia T. County of L.A.,* 222 Cal. App. 3d 869 (1990); N.D. Cal. Local Rule 3-4(e)). It also is entirely inapposite, as it addresses a post-judgment order that was amended to include the ***sole owner*** of the defendant-LLC, who "held himself personally liable to [the LLC]'s creditors, . . . , for [the LLC]'s debts" as an additional judgment debtor. In *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1002 (N.D. Cal. 2001), in entering a default judgment after all but one defendant failed to answer the complaint, the court found the plaintiff's alter ego allegations sufficient – but there, the complaint alleged, *inter alia*, that the alter ego defendants owned, and served as officers and directors of, the corporate defendants, therefore permitting a finding of unity of ownership and interest. *Id.*[9]

---

[9] *See also Pan Pac. Sash & Door Co. v. Greendale Park, Inc.*, 166 Cal. App. 2d 652, 654, 659 (1958) (affirming finding of alter ego liability where "[b]oth corporations had the same stockholders, directors and officers, occupied the same premises as their offices and had common employees," but finding it is insufficient to allege merely "that the corporation is . . . only influenced and governed by that [alleged alter ego]"); *Las Palmas Assocs.*, 235 Cal. App. 3d at 1250 (affirming jury's finding of alter ego liability where evidence established alter ego defendant transferred its ownership in co-defendant but, among other things, continued to guarantee loans for co-defendant); *McLaughlin v. L. Bloom Sons Co.*, 206 Cal. App. 2d 848, 850, 24 Cal. Rptr. 311, 312 (1962) (finding defendants alter egos, only as to collective bargaining agreement, where "[d]efendants do not challenge . . . [that] the two corporations were under

Here, again, Seven Equity is not an owner of any of the Leasing Defendants, and it surely has not held itself out as liable for the Leasing Defendants' debts. *See Mani*, 2016 WL 2901755 at *1; *Yih,* 2020 WL 6290377 at *4. Nor has Plaintiff plausibly pled that the Leasing Defendants and Seven Equity disregarded their corporate forms or comingled funds.

Simply put, Falack is the sole link between Seven Equity and ***any*** of the Leasing Defendants – there is no other individual who is a member of Seven Equity and any one of the Leasing Defendants – and Falack is not an owner or member of three of the four Leasing Defendants. Moreover, Falack's status as a member of Leasing Defendant 420 Taylor, which is a party to the Lease and which signed the Letter of Intent, renders spurious Plaintiff's repeated contentions that Falack, when acting in connection with the Premises, acted for Seven Equity rather than on behalf of 420 Taylor. *See Lifecare Int'l, Inc. v. St. Jude Med., Inc.,* No. CV-98-2263CAS RNBX, 1998 WL 469868, at *2 (C.D. Cal. June 1, 1998) (finding subsidiary's products sold during relationship with parent "were sold on behalf of [parent], not [subsidiary]," and rejecting alter ego liability). As such, the Court need not accept these allegations as true. *Sprewell,* 266 F.3d at 988. Nor are the missing legal requirements magically supplied by alleging that Falack is the "driving force" of Seven Equity (Opp. at 1:26). *See Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999) (allegations that individual defendant was "conscious, active, and dominant force behind the unlawful acts" at issue in the complaint insufficient to plead alter ego liability). Thus, Plaintiff's unity of ownership and interest allegations are insufficient, even under its own proffered cases, to support its alter ego theory, and there is no reason to subject Seven Equity to defending this suit, which includes a claim of fraud. *See Bly-Magee v. Calif.*, 236 F.3d 1014, 1018 (9th Cir. 2001) (Rule 9(b) exists, in part, "to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.").

///

---

the common control, and under substantially common ownership"); *Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 17-CV-04732-PJH (SK), 2019 WL 1768619, at *5 (N.D. Cal. Apr. 1, 2019), *R&R adopted,* No. 17-CV-04732-PJH, 2019 WL 1767332 (N.D. Cal. Apr. 22, 2019) (finding alter ego liability where, *inter alia*, "tax records demonstrate that [defendant] owns 70 percent of [co-defendant]").

### 2. Plaintiff Does Not Plead that an Inequitable Result Will Occur if Seven Equity's Corporate Form Is Respected.

Even putting aside Plaintiff's failure to plead unity of interest and ownership, the Amended Complaint's alter ego allegations still must be dismissed, because Plaintiff fails to plead facts sufficient to show that denial of alter ego liability would lead to an inequitable result. Plaintiff's view that anticipation of potential challenges in collecting upon an eventual judgment satisfies the "inequitable result" requirement (Am. Compl. ¶ 80) has repeatedly been rejected by courts. *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp. 2d 1101, 1117 (C.D. Cal. 2003).[10] The only case Plaintiff cites to support its argument, *Talbot v. Fresno-Pac. Corp.*, 181 Cal. App. 2d 425, 427 (1960), is inapposite as, there, the individual defendant engaged in fraudulent transfers to avoid liability for her debts. *Id.* Here, Plaintiff does not, and cannot, allege that Seven Equity engaged in fraudulent transfers or other equivalent schemes, and therefore cannot justify disregard of its corporate form. *See Neilson*, 290 F. Supp. 2d at 1117; *Greenbaum*, 2017 WL 5496224, at *5. Thus, the Amended Complaint must be dismissed on the independent ground of Plaintiff's failure to plead that an inequitable result would be reached if alter ego liability is not imposed.

## III. CONCLUSION

This Court permitted Plaintiff leave to amend only "to allege more specifically that Seven Equity had a direct and independent role" in the conduct alleged in the Complaint. ECF No. 52. Plaintiff has tried to do this – and failed. This is because, once the Amended Complaint's unsubstantiated – and false – contentions that Falack at all times acted "on behalf of Seven Equity" are stripped away, the Amended Complaint lacks any allegation that Seven Equity took any action at all related to the Premises or the Lease, let alone "had a direct and independent role" in the alleged misconduct. Further, the Amended Complaint's reassertion of the alter ego theory of liability against Seven Equity must be dismissed as it is in violation of the permissible scope of amendment. And even if, *arguendo*, this Court were to reconsider the alter ego theory, it would have to dismiss it again: parsing those conclusory allegations reveals that Plaintiff has pleaded neither facts suggesting unity of interest or ownership between Seven

---

[10] Plaintiff's assertion that *Neilson* is inapplicable because it did not involve bad faith conduct is perplexing, as *Neilson* involved a Ponzi scheme designed to defraud investors. To the extent Plaintiff is arguing that *Neilson* did not involve structuring the defendant-entities there with a fraudulent purpose in mind, that allegation is equally lacking here.

1  Equity and the Leasing Defendants, nor an inequitable result that warrants disregard of Seven Equity's
2  corporate form. For these reasons, the Court should grant Seven Equity's Motion and dismiss the
3  Amended Complaint, with prejudice, as to Seven Equity.

DATE:  November 23, 2021

**FOLEY & LARDNER LLP**
LEWIS ZIROGIANNIS
JAIME DORENBAUM
JASON Y. WU
HEATHER A. LEE

By: */s/ Lewis Zirogiannis*

Lewis Zirogiannis (Bar No. 321955)
  lzirogiannis@foley.com
Jaime Dorenbaum (Bar No. 289555)
  jdorenbaum@foley.com
Jason Wu (Bar No. 313368)
  jwu@foley.com
Heather A. Lee (*admitted pro hac vice*)
  hlee@foley.com
555 California Street, Suite 1700
San Francisco, California 94104-1531
Telephone: (415) 434-4484
Facsimile: (415) 434-4507

*Attorneys for Defendants 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, 420 Taylor Holdings Owner LLC, and Seven Equity Group, LLC*