LEWIS ZIROGIANNIS, CA Bar No. 321955
  lzirogiannis@foley.com
JAIME DORENBAUM, CA Bar No. 289555
  jdorenbaum@foley.com
JASON Y. WU, CA Bar No. 313368
  jwu@foley.com
HEATHER A. LEE (*admitted pro hac vice*)
  hlee@foley.com
FOLEY & LARDNER LLP
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:   415.434.4507

*Attorneys for 420 Taylor Ventures, LLC,*
*NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC,*
*420 Taylor Holdings Owner LLC, and Seven Equity Group, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTDOOR, INC., a Delaware Corporation,<br><br>PLAINTIFF,<br><br>v.<br><br>420 TAYLOR VENTURES, LLC, a Delaware Limited Liability Company, NT 420 TAYLOR OWNER LLC, a Delaware Limited Liability Company, NH 420 TAYLOR OWNER LLC, a Delaware Limited Liability Company, 420 TAYLOR HOLDINGS OWNER LLC, a Delaware Limited Liability Company, SEVEN EQUITY GROUP, LLC, and DOES 1–50,<br><br>DEFENDANTS. | Case No. 3:21-CV-03341-EMC<br><br>**DEFENDANTS 420 TAYLOR VENTURES, LLC, NT 420 TAYLOR OWNER LLC, NH 420 TAYLOR OWNER LLC, AND 420 TAYLOR HOLDINGS OWNER LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF NEXTDOOR INC.'S SECOND AMENDED COMPLAINT**<br><br>Removed from the Superior Court of the State of California for the County of San Francisco, Case No. CGC-21-590369<br><br>Complaint Filed:  March 11, 2021<br>Notice of Removal Filed:  May 5, 2021 |

DEFENDANTS 420 TAYLOR VENTURES, LLC, NT 420 TAYLOR OWNER LLC, NH 420 TAYLOR OWNER LLC, AND 420 TAYLOR HOLDINGS OWNER LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SAC
CASE NO. 3:21-CV-03341-EMC

4895-4871-1945.1

Defendants 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC (collectively, "Answering Defendants"),[1] by and through their undersigned attorneys, hereby provide the following Answer and Affirmative Defenses to the Second Amended Complaint ("SAC") filed by Plaintiff Nextdoor, Inc. ("Plaintiff") as follows:

1. In response to Paragraph 1 of the SAC, Answering Defendants admit that this case purports to involve a commercial lease transaction for the property located at 420 Taylor Street, San Francisco, CA 94102 (the "Premises"). Answering Defendants admit that Plaintiff purports to be a San Francisco-based social media company. Answering Defendants deny the remaining allegations of Paragraph 1.

2. Answering Defendants deny the allegations of Paragraph 2 of the SAC.

3. In response to Paragraph 3 of the SAC, Answering Defendants admit that there existed a plan to convert a two-level garage into office space and add a new mezzanine level at the Premises. Answering Defendants deny that all Answering Defendants were involved in said plan, and further deny the remaining allegations of Paragraph 3.

4. In response to Paragraph 4 of the SAC, Answering Defendants deny that they artificially and arbitrarily inflated the actual square footage of the Premises by departing from any acceptable standard of commercial building measurement, or in any manner whatsoever, and deny that they enacted a scheme to defraud Plaintiff into renting (and paying for) approximately 26,000 square feet of space that do not actually exist or will exist. Answering Defendants admit that Answering Defendants and Plaintiff entered into a lease agreement for the Premises (the "Lease"), and refer to said Lease for its contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

5. In response to Paragraph 5 of the SAC, Answering Defendants admit that arfound April 2018, Ray Falack had in his possession a preliminary report prepared by Stevenson Systems, Inc. ("Stevenson"), and refer to said document for its contents. Answering Defendants deny that they

---

[1] In lieu of answering, Defendant Seven Equity Group, LLC ("Seven Equity") has filed a motion to dismiss the Second Amended Complaint concurrently herewith.

misrepresented, intentionally or otherwise, the rentable square footage of the Premises; deny that the Premises contain 89,549.03 rentable square feet rather than 115,766 square feet; and deny that Defendants concealed the truth from Plaintiff in manner whatsoever. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

6. The allegations in Paragraph 6 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny that they engaged in tortious conduct, and deny that their conduct harmed Plaintiff substantially, irreparably, or at all. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

7. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and based on such lack of knowledge or information, deny all allegations contained therein.

8. Defendant 420 Taylor Ventures, LLC admits the allegations of Paragraph 8 of the SAC. The remaining Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendant NT 420 Taylor Owner LLC admits the allegations of Paragraph 9 of the SAC. The remaining Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Defendant NH 420 Taylor Owner LLC admits the allegations of Paragraph 10 of the SAC. The remaining Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendant 420 Taylor Holdings Owner LLC admits the allegations of Paragraph 11 of the SAC. The remaining Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     In response to Paragraph 12 of the SAC, Defendant 420 Taylor Ventures, LLC admits that Seven Equity is a company with its principal place of business in New York and does business in the State of California.  Answering Defendants deny all remaining allegations contained in Paragraph 12 of the SAC.

13.     The allegations in Paragraph 13 of the SAC state legal conclusions to which no response is required.  Further, the allegations of Paragraph 13 are too vague and ambiguous to permit a response. To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and based on such lack of knowledge or information, deny all allegations contained therein.

14.     The allegations in Paragraph 14 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and based on such lack of knowledge or information, deny all allegations contained therein.  Answering Defendants further object, and reserve the right to object, to the amendment sought in Paragraph 14 of the SAC.

15.     The allegations in Paragraph 15 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants admit that the Court has personal jurisdiction over Answering Defendants.

16.     The allegations in Paragraph 16 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants admit that the Court has subject-matter jurisdiction over this case.

17.     The allegations in Paragraph 17 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants admit that the venue is proper in this district.

18.     In response to Paragraph 18 of the SAC, Answering Defendants admit that Plaintiff purports to be a San Francisco-based company that provides a social networking platform.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 18, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

19.     In response to Paragraph 19 of the SAC, Answering Defendants admit on information and belief that Plaintiff engaged Jones Lang LaSalle, Inc. ("JLL") to act as its real estate broker and to assist it in connection with Plaintiff's search for office space.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

20.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and based on such lack of knowledge or information, deny all allegations contained therein.

21.     In response to Paragraph 21 of the SAC, Answering Defendants admit that Plaintiff considered leasing the Premises.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

22.     In response to Paragraph 22 of the SAC, Answering Defendants deny that Seven Equity formed 420 Taylor Ventures, LLC to purchase the Premises as an investment for Seven Equity, Nakash Holdings ("Nakash"), and other affiliated investors.  Answering Defendants admit that 420 Taylor Ventures, LLC purchased the Premises around September 2016; and admit that NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC were transferred fractional shares of ownership in the Premises as tenants-in-common on or around October 3, 2018.  Answering Defendants admit that 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC are the owners of the Premises, the named borrowers on certain mortgage loans, and are collectively defined as "Landlord" under the Lease for the Premises. Answering Defendants deny that they are merely "nominal" owners of the Premises.  Answering Defendants admit that on or around October 12, 2018, a Grant Deed with respect to the Premises was filed with the San Francisco Assessor-Recorder, and refer to said document for its contents.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 22, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

23. In response to Paragraph 23 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation, and refer to said documents for their contents. Answering Defendants deny that they are merely "nominal" owners of the Premises; deny that Seven Equity and Nakash were ultimately responsible for acquiring the Premises; and deny that they are indirectly controlled by Seven Equity and Nakash. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

24. In response to Paragraph 24 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation, and refer to said documents for their contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

25. In response to Paragraph 25 of the SAC, Answering Defendants admit that 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC are collectively defined as "Landlord" under the Lease for the Premises and are signatories of the Lease. Answering Defendants deny that they are merely "nominal" signatories on the Lease. Answering Defendants deny that Seven Equity and Nakash were ultimately responsible for executing the Lease. Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation, and refer to said documents for their contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

26. In response to Paragraph 26 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation,

and refer to said documents for their contents. Answering Defendants admit that they are the owners of the Premises, but deny that they are merely "nominal" owners of the Premises. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

27. In response to Paragraph 27 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation, and refer to said documents for their contents. Answering Defendants admit that Exhibit C purports to be the Amended and Restated Operating Agreement of 420 Taylor Ventures, LLC as of September 30, 2016, and refer to said document for its contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

28. In response to Paragraph 28 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation, and refer to said documents for their contents. Answering Defendants deny that Seven Equity formed 420 Taylor Ventures, LLC; deny that Seven Equity made the decision to renovate the Premises; deny that Seven Equity applied to the City & County of San Francisco's Planning Department ("Planning Department") for a Conditional Use Permit for the Premises; deny that Seven Equity and Nakash obtained entitlements to convert the existing parking garage at the Premises into the Lower Level Office space; deny that there was any discrepancy in Defendants' alleged representations to Plaintiff regarding the rentable square feet of the Premises; and deny that Defendants failed to disclose to Plaintiff any alleged discrepancy regarding the rentable square feet of the Premises. Defendant 420 Taylor Ventures, LLC admits that Raymond Falack in his capacity on behalf of 420 Taylor Ventures, LLC applied to the City & County of San Francisco's Planning Department for a Conditional Use Permit for 420 Taylor, and refers to said application for its contents. Defendant 420 Taylor Ventures, LLC admits that the Planning Department approved the application for Conditional Use Permit on or around September 27, 2018, and refers to said approval of the application for its contents. Defendant 420 Taylor Ventures,

LLC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28, and based on such lack of knowledge or information, deny all remaining allegations contained therein. The remaining Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

29. In response to Paragraph 29 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation, and refer to said documents for their contents. Answering Defendants admit that Exhibits D, E, F, and G purport to be invoices from Perkins&Will, Inc., and refer to said documents for their contents. Answering Defendants deny that Seven Equity played a direct and primary role in planning and leading the renovation of the Premises. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

30. In response to Paragraph 30 of the SAC, Answering Defendants admit that Exhibit H purports to be an email chain between Ray Falack and Stevenson, and refer to said documents for their contents. Answering Defendants admit that Exhibit I purports to be a Pricing Summary & Authorization from Stevenson, and refer to said documents for their contents. Answering Defendants admit that Ray Falack at times communicated with Stevenson using the email address, ray.falack@sevenequity.com. Answering Defendants deny that Seven Equity made or finalized plans to renovate the Premises. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

31. In response to Paragraph 31 of the SAC, Answering Defendants admit that Exhibit J purports to be Preliminary Report with a "Report Date" of April 26, 2018 by Stevenson, admit that Stevenson transmitted such Preliminary Report to Ray Falack on April 27, 2018, and refer to said documents for their contents. Answering Defendants admit that page STV_000019 of Exhibit K purports to contain emails involving Ray Falack and Stevenson, and refer to said document its contents. Answering Defendants admit that Exhibit L purports to be a Letter of Intent signed by Ray Falack, and refer to said document for its contents. Answering Defendants admit that Exhibit M purports to be an

email between Ray Falack and Stevenson, and refer to said document for its contents. Answering Defendants admit that Ray Falack at times communicated with Stevenson using the email address, ray.falack@sevenequity.com. Answering Defendants deny that Ray Falack misrepresented to Nextdoor the findings of Stevenson's Preliminary Report with a "Report Date" of April 26, 2018; deny that such Preliminary Report contradicts Ray Falack's representations regarding the measurement of the Premises; deny that Ray Falack, Seven Equity, or any of the Answering Defendants embarked on a strategy to alter the reported measurement of the Premises; deny that Ray Falack acted in his role as Seven Equity's Managing Principal with respect to Stevenson; deny that Ray Falack, Seven Equity, or any of the Answering Defendants instructed Stevenson to serially alter its measurement report until it yielded a total rentable area that aligned with Seven Equity's alleged pre-determined marketing and revenue goals; deny that Seven Equity was the entity primarily responsible for engaging and instructing Stevenson to prepare its measurement reports for the Premises. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

32. In response to Paragraph 32 of the SAC, Answering Defendants admit that page STV_000019 of Exhibit K purports to contain emails involving Ray Falack and Stevenson, and refer to said document its contents. Answering Defendants admit that Exhibit O purports to contain an email from Ray Falack to Ezra Azizo, and refer to said document its contents; but deny that Ray Falack's communications constituted a "boast." Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and based on such lack of knowledge or information, deny all allegations contained therein.

33. In response to Paragraph 33 of the SAC, Answering Defendants admit on information and belief that "BOMA" refers to the Building Owners and Managers Association. Answering Defendants admit that Exhibit P purports to be a page on the BOMA website, and refer to said document for its contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

8

34.     In response to Paragraph 34 of the SAC, Answering Defendants admit on information and belief that BOMA creates measurement standards for office space, and refer to such standards for their contents.  Answering Defendants deny that Seven Equity instructed Stevenson to achieve a physically impossible rentable area.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

35.     In response to Paragraph 35 of the SAC, Answering Defendants admit that Exhibit R purports to contain excerpts of emails involving Ray Falack and CBRE, and refer to said document its contents.  Answering Defendants deny that Seven Equity engaged in serial revisions designed to manipulate Stevenson's measurement reports to inflate the true area of the Premises for Defendants' benefit; deny that Ray Falack directed Stevenson to falsify the underlying measurements to increase effective rent under the Lease; deny that Defendants failed to disclose and actively concealed from Nextdoor the Stevenson report measuring the Premises in general accordance with BOMA 2017 standards; deny that such Stevenson report concluded the Premises only contain 89,549.03 rentable square feet rather than 115,766 rentable square feet; deny that Falack acted primarily on behalf of Seven Equity with respect to Stevenson or the Lease; deny that the Premises contains less than 90,000 rentable square feet; and deny that Ray Falack knew the rentable square footage of the Premises, as marketed to Nextdoor, was allegedly less than 90,000 rentable square feet.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

36.     In response to Paragraph 36 of the SAC, Answering Defendants admit that Exhibit S purports to contain emails involving Ray Falack and CBRE, and refer to said document its contents.  Answering Defendants deny that Defendants falsely marketed the Premises as meeting Nextdoor's needs.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

37.     In response to Paragraph 37 of the SAC, Answering Defendants admit that page STV_000012 of Exhibit K purports to contain an email from Ray Falack to Justin Cogley, and refer to said document for its contents.  Answering Defendants admit that Exhibit T of the SAC purports to be a Preliminary Report dated June 20, 2019, and refer to said document for its contents.  Answering Defendants admit that Ray Falack is the Managing Principal of Seven Equity Group, but deny that Ray Falack acted in such capacity with respect to the Lease or Stevenson.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

38.     In response to Paragraph 38 of the SAC, Answering Defendants deny that Ray Falack directed Stevenson to work backwards to align with a pre-determined, false, and arbitrary square footage number in marketing materials for the Premises; deny that Stevenson arbitrarily inflated the market load factor to back into Seven Equity's preferred square footage; deny that Answering Defendants made any misrepresentations; and deny that the April 2018 Stevenson report concluded that the rentable square footage of the Premises is 89,549.03.  Answering Defendants admit that Exhibit U purports to contain an email from Ray Falack to Bob Kraynak, and refer to said document for its contents.  Answering Defendants admit that page STV_000025 of Exhibit K purports to contain emails involving Ray Falack, Justin Cogley, and Peter Moritz, and that its contents are as stated on page STV_000025 of Exhibit K.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

39.     In response to Paragraph 39 of the SAC, Answering Defendants deny that they manipulated the measurement of the Premises to inflate its rentable area arbitrarily; deny that they sought covertly and fraudulently to charge Plaintiff more rent per square foot than the market would support and that Plaintiff would agree to pay; deny that they were manipulating the advertised area and capacity of the Premises; deny that Seven Equity initiated and orchestrated Defendants' alleged tortious conduct; and deny that Defendants engaged in any tortious conduct at all with respect to the allegations of the SAC.  Answering Defendants admit that Exhibit V purports to contain emails between Ray Falack

and Bob Kraynak, and refer to said document for its contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

40. In response to Paragraph 40 of the SAC, Answering Defendants deny that Falack asked Stevenson to exclude portions of the Premises' roof deck from the rentable square footage calculation to obscure Defendants' alleged fraudulent scheme; deny that Falack planned or implemented any fraudulent scheme; deny that Falack was deliberately inserting misleading information into the report or that the report contained any misleading information at all; deny that Answering Defendants were manipulating the marketed area and capacity of the Premises; deny that Defendants were trying to conceal what they were allegedly doing; deny that Falack hoped to back in to Defendants' alleged desired rentable square feet figure; and deny that Falack engaged any of the foregoing alleged conduct on behalf of Seven Equity. Answering Defendants admit that page STV_000010 of Exhibit K purports to contain an email from Justin Cogley to Peter Moritz, and refer to said document for its contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

41. In response to Paragraph 41 of the SAC, Answering Defendants deny that they falsely advertised the Premises. Answering Defendants admit that Exhibit W to the SAC purports to be a marketing brochure for the Premises, and refer to said document for its contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

42. In response to Paragraph 42 of the SAC, Answering Defendants deny that the seating estimates for the Premises were grossly overstated; and deny that Ray Falack instructed Stevenson artificially to inflate rentable area figures. Answering Defendants admit that Exhibit S to the SAC purports to be an email between Ray Falack and Bob Kraynak, and refer to said document for its contents. Answering Defendants admit that around January 2019 a former tenant of the Premises signed

a letter of intent for the Premises, and Answering Defendants refer to said letter for its contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

43.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and based on such lack of knowledge or information, deny all allegations contained therein.

44.     In response to Paragraph 44 of the SAC, Answering Defendants admit that garage space of the Premises was being converted into office space on floors LL-Mezzanine of the Premises; admit that floors 2-4 and roof deck areas of the Premises were occupied by another company prior to Plaintiff. Answering Defendants admit that Exhibit W purports to be a document entitled, "New Full Building Headquarters Opportunity!", and refer to said document for its contents. Answering Defendants deny that the conversion and renovation process was undertaken and managed by Seven Equity. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

45.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and based on such lack of knowledge or information, deny all allegations contained therein.

46.     In response to Paragraph 46 of the SAC, Answering Defendants admit that there were other tenants considering renting the Premises prior to Plaintiff entering into the Lease. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

47.     In response to Paragraph 47 of the SAC, Answering Defendants admit that around mid-August 2019, JLL, on behalf of Plaintiff, sent to CBRE Group, Inc. ("CBRE") a draft Letter of Intent to Lease, and Answering Defendants refer to said document for its contents. Answering Defendants admit that CBRE returned drafts of the Letter of Intent to Lease, and refer to said documents for their contents.

Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

48.     In response to Paragraph 48 of the SAC, Answering Defendants admit that on or around September 24, 2019, Plaintiff and 420 Taylor Ventures, LLC signed the final Letter of Intent for the Premises ("LOI"). Answering Defendants admit that Exhibit L to the SAC purports to be the LOI, and refer to said document for its contents. Answering Defendants admit that the LOI was signed by Ray Falack on behalf of 420 Taylor Ventures, LLC, with the consent of NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC. Answering Defendants admit that 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC are owners of the Premises and named borrowers on certain mortgage loans issued in connection with the Premises. Answering Defendants deny that they are merely "nominal" owners of the Premises. Answering Defendants deny that the LOI was signed with the consent of Seven Equity; and deny that Seven Equity ultimately directs and controls each of the 420 Taylor LLCs with the consent of Nakash Holdings. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

49.     In response to Paragraph 49 of the SAC, Answering Defendants deny that Defendants intentionally failed to disclose facts to Plaintiff pertaining to Stevenson's reports or the measurement of the Premises; deny that the only version of Stevenson's reports to apply the 2017 BOMA standard to measure the Premises concluded that the rentable square feet is 89,549.03; deny that such report was addressed to Seven Equity pursuant to an agreement with Seven Equity; deny that the Premises are not 115,766 rentable square feet; deny that they were obscuring the true rentable square footage of the Premises, or the methodology used to measure it, or any other fact; deny that Falack was manipulating Stevenson's reports in form or substance or otherwise; deny that Defendants made misrepresentations through October 2019; deny that Falack heavily edited Stevenson's reports; deny that "market load factor" is non-compliant; deny that Ray Falack knew when he executed the LOI that the Premises were not 115,766 rentable square feet as measured in general accordance with BOMA 2017 measurement

DEFENDANTS 420 TAYLOR VENTURES, LLC, NT 420 TAYLOR OWNER LLC, NH 420 TAYLOR OWNER LLC, AND 420 TAYLOR HOLDINGS OWNER LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SAC
CASE NO. 3:21-CV-03341-EMC

standards; deny that backup documentation was not available to support the 115,766 rentable square feet figure; and deny that Seven Equity dictated to Stevenson how to depart from BOMA standards to inflate the Premises' rentable square footage arbitrarily and artificially. Answering Defendants admit that the LOI was signed by Falack on behalf of 420 Taylor Ventures, LLC, and refer to said document for its contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

50. In response to Paragraph 50 of the SAC, Answering Defendants admit that Exhibit I purports to be the LOI, and refer to said document for its contents.

51. In response to Paragraph 51 of the SAC, Answering Defendants admit that Exhibit I purports to be the LOI, and refer to said document for its contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

52. In response to Paragraph 52 of the SAC, Answering Defendants admit that Exhibit I purports to be the LOI, and refer to said document for its contents.

53. In response to Paragraph 53 of the SAC, Answering Defendants admit Exhibit I purports to be the LOI, and refer to said document for its contents. The allegations of Paragraph 45 are otherwise too vague and ambiguous to permit a response, including with respect to the communications alleged therein. To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

54. In response to Paragraph 54 of the SAC, Answering Defendants deny that they evaded Plaintiff's multiple requests for Stevenson's measurement report. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

55. In response to Paragraph 55 of the SAC, Answering Defendants deny that they did not provide Plaintiff with a report from Stevenson validating the represented area of the Premises. Answering Defendants deny that the Stevenson report with a "Report Date" of April 26, 2018 concluded the Premises are actually 89,549.03 rentable square feet; deny that the 115,776 rentable square feet of the Premises constitutes a false advertisement or misrepresentation; and deny that Defendants concealed facts pertaining to Stevenson's reports or the measurement of the Premises from Nextdoor. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55, and based on such lack of knowledge or information, deny all allegations contained therein.

56. In response to Paragraph 56 of the SAC, Answering Defendants admit that Exhibit X to the SAC purports to be the Lease, and refer to said document for its contents. Answering Defendants admit that Ray Falack signed the Lease on behalf of 420 Taylor Ventures, LLC. Answering Defendants deny that Seven Equity at all times maintained full operational control and responsibility for all matters related to the leasing of the Premises. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56, and based on such lack of knowledge or information, deny all allegations contained therein.

57. In response to Paragraph 57 of the SAC, Answering Defendants admit that Exhibit X to the SAC purports to be the Lease, and refer to said document for its contents. Answering Defendants deny the remaining allegations of Paragraph 57 of the SAC.

58. In response to Paragraph 58 of the SAC, Answering Defendants deny that the Lease falsely suggested that the LOI had understated the rentable square footage of the Premises. Answering Defendants admit that Exhibit J to the SAC is the Lease, and refer to said document for its contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

59. In response to Paragraph 59 of the SAC, Answering Defendants admit that Exhibit I purports to be the LOI, and refer to said document for its contents, and that Exhibit J to the SAC is the Lease, and refer to said document for its contents.

60. In response to Paragraph 60 of the SAC, Answering Defendants admit that Plaintiff executed the Lease and deny the remaining allegations contained in Paragraph 60.

61. In response to Paragraph 61 of the SAC, Answering Defendants deny that they made misrepresentations regarding the square footage of the Premises. Answering Defendants admit that Exhibit Y to the SAC purports to be the Final Report from Stevenson with a "Report Date" of 10/18/2019 and "Approved Date" of 10/24/2019 (the "Stevenson Report"), and refer to said document for its contents. Answering Defendants admit that the 115,766 rentable square feet of the Premises had been validated in a written report prepared by Stevenson. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

62. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and based on such lack of knowledge or information, deny all allegations contained therein.

63. In response to Paragraph 63 of the SAC, Answering Defendants admit that Plaintiff and Answering Defendants entered into a First Amendment to Lease with an effective date of May 7, 2020. Answering Defendants admit that there has been a COVID-19 pandemic, and that shelter-in-place orders were issued. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

64. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and based on such lack of knowledge or information, deny all allegations contained therein.

65. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and based on such lack of knowledge or information, deny all allegations contained therein.

66. In response to Paragraph 66 of the SAC, Answering Defendants deny that the Lease contains "represent[ations]" regarding the area of the Premises, and refers to said document for its

contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

67.     In response to Paragraph 67 of the SAC, Answering Defendants deny that they had falsely and substantially overstated the area of the Premises. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

68.     In response to Paragraph 68 of the SAC, Answering Defendants admit that Exhibit Y purports to be the Stevenson Report, and refer to said document for its contents. Answering Defendants admit that Exhibit Q purports to be the BOMA "Floor Area Measurement Best Practice #5," and refer to said document for its contents. Answering Defendants admit that page STV_000010 of Exhibit K purports to contain an email from Justin Cogley to Peter Moritz, and refer to said document for its contents. Answering Defendants deny that the final Stevenson Report was at odds with Defendants' and their agent's alleged prior representations concerning the measurement of the Premises; deny that the measurement of the Premises by Stevenson was inflated arbitrarily or at all; deny that Seven Equity specifically requested that the BOMA 2009 Gross Area Standard to be used in the Stevenson Report; deny that Defendants knew that the application of the "market load factor" was improper; deny that the application of the "market load factor" was improper; deny that Defendants intended to defraud Plaintiff; and deny that Falack or Defendants concealed or attempted to conceal the origin of the "market load factor" or the basis for the measurement of the Premises. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

69.     In response to Paragraph 69 of the SAC, Answering Defendants deny that Defendants misrepresented whether the rentable area of the Premises had been verified using BOMA 2017 standards; deny that a prior Stevenson report concluded that the Premises were 25,000 square feet, or more than 25 percent, smaller than 115,766 square feet; and deny that Defendants concealed the

existence of prior versions of the Stevenson Report. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

70. Answering Defendants deny the allegations of Paragraph 70 of the SAC.

71. The allegations in Paragraph 71 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation with the U.S. Securities and Exchange Commission, and refer to said documents for their contents. Answering Defendants admit that they are borrowers on a loan in the amount of $88 million. Answering Defendants admit that they are owners of the Premises, but deny that they are merely "nominal" owners of the Premises. Answering Defendants deny that Seven Equity exercised dominion and control over the 420 Taylor LLC Defendants in the manner alleged, or in any manner whatsoever. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

72. The allegations in Paragraph 72 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation with the U.S. Securities and Exchange Commission, and refer to said documents for their contents. Answering Defendants deny that they serve only as instrumentalities by which Seven Equity and Nakash control the Premises; and deny that Seven Equity and Nakash control the Premises. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

73. The allegations in Paragraph 73 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation with

the U.S. Securities and Exchange Commission, and refer to said documents for their contents. Answering Defendants deny that they are controlled, indirectly or otherwise, by a joint venture between Seven Equity and Nakash; deny that Seven Equity and Nakash have legal power and authority over Answering Defendants; deny that Seven Equity and Nakash have legal power and authority over the Premises; and deny that the alleged "misconduct of the 420 Taylor LLCs" occurred at the direction of Seven Equity and Nakash Holdings, or occurred at all. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

74. In response to Paragraph 74 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation with the U.S. Securities and Exchange Commission, and refer to said documents for their contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

75. In response to Paragraph 75 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation with the U.S. Securities and Exchange Commission, and refer to said documents for their contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 75, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

76. In response to Paragraph 76 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation with the U.S. Securities and Exchange Commission, and refer to said documents for their contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

77.     In response to Paragraph 77 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation with the U.S. Securities and Exchange Commission, and refer to said documents for their contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

78.     In response to Paragraph 78 of the SAC, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation with the U.S. Securities and Exchange Commission, and refer to said documents for their contents. Answering Defendants deny that the 420 Taylor LLCs are intentionally undercapitalized; and deny that Seven Equity exercised control over Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

79.     The allegations in Paragraph 79 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required. Further, the allegations in Paragraph 64 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny that they engaged in any misconduct; deny that Seven Equity had pervasive control of, and involvement in, any alleged misconduct; deny that Seven Equity exercised control over the allegedly servient 420 Taylor LLCs; and deny that Seven Equity was intimately involved in acquiring, renovating, and leasing the Premises for its own financial benefit. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

80.     The allegations in Paragraph 80 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation with

the U.S. Securities and Exchange Commission, and refer to said documents for their contents. Answering Defendants admit that the Lease was signed by 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC, but deny that such signing was merely performed "nominally." Answering Defendants admit that they hold title to the Premises, but deny that they merely hold title "nominally." Answering Defendants deny that Seven Equity orchestrated the Lease transaction. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

81. The allegations in Paragraph 81 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required. Further, the allegations in Paragraph 81 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Exhibits Z, AA, and BB purport to contain news articles regarding the Premises, and refer to said documents for their contents. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

82. The allegations in Paragraph 82 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required. Further, the allegations in Paragraph 82 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Defendant 420 Taylor Ventures, LLC admits that Raymond Falack in his capacity on behalf of 420 Taylor Ventures, LLC applied to the City & County of San Francisco's Planning Department for a Conditional Use Permit for 420 Taylor, and refers to said application for its contents. Answering Defendants admit that Exhibit DD purports to be a geotechnical investigation report prepared by Rollo & Ridley, Inc., and refer to said document for its contents. Answering Defendants admit that Exhibits D, E, F, and G purport to be invoices from Perkins&Will, Inc., and refer to said documents for their contents. Answering Defendants are without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 82, and based on such lack of knowledge

or information, deny all remaining allegations contained therein.

83.     The allegations in Paragraph 83 of the SAC pertain to a theory of liability that was

dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021

[ECF No. 52] and, as a result, no response is required.  Further, the allegations in Paragraph 83 of the

SAC state legal conclusions to which no response is required.  To the extent a response is required,

Answering Defendants admit that certain of the Answering Defendants have overlapping

owners/members, as set forth in Notice of Removal filed in this action, to which the Answering

Defendants refer for its contents.  Answering Defendants otherwise deny that there is overlap between

employees and third-party professionals that serve the Answering Defendants, on the one hand, and

Seven Equity, on the other; deny that Seven Equity commissioned Stevenson to measure the Premises;

deny that Ray Falack instructed Stevenson to manipulate its measurement reports to align with

Defendants' pre-determined, desired area of the Premises; and deny that Ray Falack engaged in such

alleged conduct on behalf of Seven Equity.  Answering Defendants admit that Ray Falack informed

Stevenson to direct its invoices to 420 Taylor Ventures, LLC rather than to Seven Equity; admit that 420

Taylor Ventures, LLC is one of the owners of the Premises; and admit that Exhibit I purports to be a

Pricing Summary & Authorization from Stevenson, and refer to said documents for their contents.

Answering Defendants deny that 420 Taylor Ventures, LLC is merely a "nominal" owner of the

Premises.  Answering Defendants are without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 83, and based on such lack of knowledge

or information, deny all remaining allegations contained therein.

84.     The allegations in Paragraph 84 of the SAC pertain to a theory of liability that was

dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021

[ECF No. 52] and, as a result, no response is required.  Further, the allegations in Paragraph 84 of the

SAC state legal conclusions to which no response is required.  To the extent a response is required,

Answering Defendants admit that Exhibit EE purports to be a "420 Taylor Street – BUILD 3D

Proposal" prepared by CBRE, and refer to said document for its contents.  Answering Defendants admit

that the Exclusive Listing Agreement with CBRE was signed by Ray Falack, and refer to said document

22

DEFENDANTS 420 TAYLOR VENTURES, LLC, NT 420 TAYLOR OWNER LLC, NH 420 TAYLOR OWNER LLC,
AND 420 TAYLOR HOLDINGS OWNER LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SAC
CASE NO. 3:21-CV-03341-EMC

4895-4871-1945.1

for its contents.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

85.     The allegations in Paragraph 85 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required.  Further, the allegations in Paragraph 85 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants admit that Exhibits FF and GG purport to contain insurance documentation for the Premises, and refer to said documents for their contents.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

86.     The allegations in Paragraph 86 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required.  Further, the allegations in Paragraph 86 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants admit that non-party SEG Taylor LLC is the property manager of the Premises. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

87.     The allegations in Paragraph 87 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required.  Further, the allegations in Paragraph 87 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants admit that Exhibit HH purports to be a "Vendor Onboarding Form" to Plaintiff, and refer to said document for its contents.  Answering Defendants deny that Seven Equity was ultimately responsible for coordinating and executing the transactions alleged.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 87, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

88.     The allegations in Paragraph 88 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required.  Further, the allegations in Paragraph 88 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants admit that Ray Falack is not officially a member of NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, or 420 Taylor Holdings Owner, LLC; that NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner, LLC each signed the Lease and have a fractional ownership interest in the Premises; and that Ray Falack is the Managing Principal of Seven Equity.  Answering Defendants deny the remaining allegations of Paragraph 88 of the SAC.

89.     The allegations in Paragraph 89 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required.  Further, the allegations in Paragraph 89 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants admit that Ray Falack is the Managing Principal of Seven Equity; that 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC hold title to the Premises; that the Lease defines "Landlord" as 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC collectively; that the contents of the Lease are as stated therein; and that 420 Taylor Ventures, LLC, NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC, and 420 Taylor Holdings Owner LLC are listed as "Borrowers" on certain loan documents for the Premises.  Answering Defendants deny the remaining allegations of Paragraph 89 of the SAC.

90.     The allegations in Paragraph 90 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required.  Further, the allegations in Paragraph 90 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Defendant 420 Taylor Ventures, LLC admits that Ray Falack is a member and owner of 420 Taylor

Ventures, LLC; that 420 Taylor Ventures, LLC has the largest fractional ownership interest in the Premises among the Answering Defendants; and that Ray Falack is a Managing Principal of Defendant Seven Equity Group, LLC. Answering Defendants admit that 420 Taylor Ventures, LLC and Seven Equity have in the past, but not at all times, shared the business address, 1407 Broadway, 30th Floor, New York, NY 10018. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

91. The allegations in Paragraph 91 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required. Further, the allegations in Paragraph 91 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Exhibits A and B purport to be excerpts of Prospectuses filed by Deutsche Mortgage & Asset Receiving Corporation, and refer to said documents for their contents. Answering Defendants deny that they are undercapitalized and lack corporate assets distinct from those held by Seven Equity; deny that they are merely shell companies which Seven Equity and Nakash created for the sole purpose of acquiring and servicing mortgage loans for the Premises; and deny that they do not have independent sources of capital. The allegations of Paragraph 90 are otherwise too vague and ambiguous to permit a response. To the extent a further response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

92. The allegations in Paragraph 92 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required. Further, the allegations in Paragraph 92 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Exhibits A and B purport to be excerpts of documents filed by Deutsche Mortgage & Asset Receiving Corporation with the Securities and Exchange Commission, and

refer to said documents for their contents. Answering Defendants deny the remaining allegations of Paragraph 92 of the SAC.

93.     The allegations in Paragraph 93 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required. Further, the allegations in Paragraph 93 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Ray Falack is the Managing Principal of Seven Equity. Answering Defendants admit that they hold title to the Premises, but deny that they merely hold title "nominally." Answering Defendants deny the remaining allegations of Paragraph 93 of the SAC.

94.     The allegations in Paragraph 94 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required. Further, the allegations in Paragraph 94 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of Paragraph 94 of the SAC.

95.     The allegations in Paragraph 95 of the SAC pertain to a theory of liability that was dismissed without leave to amend pursuant to the Court's Order and Civil Minutes dated August 5, 2021 [ECF No. 52] and, as a result, no response is required. Further, the allegations in Paragraph 95 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of Paragraph 95 of the SAC.

## FIRST CAUSE OF ACTION

### Fraud and Deceit

*(Against All Defendants)*

96.     This paragraph re-alleges and incorporates all preceding paragraphs. Answering Defendants incorporate their responses to all preceding paragraphs as if fully set forth herein.

97.     In response to Paragraph 97 of the SAC, Answering Defendants admit that the Premises consisted of 115,766 rentable square feet in accordance with the Stevenson Report, and that backup documentation was available upon request. Answering Defendants admit that drafts of the LOI, the final LOI, drafts of the Lease, the final Lease, and emails regarding the Premises were exchanged; and

26
DEFENDANTS 420 TAYLOR VENTURES, LLC, NT 420 TAYLOR OWNER LLC, NH 420 TAYLOR OWNER LLC, AND 420 TAYLOR HOLDINGS OWNER LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SAC
CASE NO. 3:21-CV-03341-EMC

4895-4871-1945.1

Answering Defendants refer to said documents for their contents. Answering Defendants deny the remaining allegations of Paragraph 97 of the SAC.

98. Answering Defendants deny the allegations of Paragraph 98 of the SAC.

99. Answering Defendants deny the allegations of Paragraph 99 of the SAC.

100. Answering Defendants deny the allegations of Paragraph 100 of the SAC.

101. Answering Defendants deny the allegations of Paragraph 101 of the SAC.

102. In response to Paragraph 102 of the SAC, Answering Defendants admit that they owned the Premises; and that the garage space of the Premises was being converted into office space on floors LL-Mezzanine of the Premises. Answering Defendants admit that they entered into the Lease, and refer to said document for its contents. Answering Defendants deny that they merely "nominally" owned the Premises. Answering Defendants deny the remaining allegations of Paragraph 102 of the SAC.

103. Answering Defendants deny the allegations of Paragraph 103 of the SAC.

104. Answering Defendants deny the allegations of Paragraph 104 of the SAC.

105. In response to Paragraph 105 of the SAC, Answering Defendants deny that Plaintiff conducted a prompt and reasonable investigation. Answering Defendants and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

106. Answering Defendants deny the allegations of Paragraph 106 of the SAC.

107. The allegations in Paragraph 107 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 107.

108. The allegations in Paragraph 108 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 108.

109. The allegations in Paragraph 109 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 109.

110. The allegations in Paragraph 110 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 110.

## SECOND CAUSE OF ACTION

### Negligent Misrepresentation

*(Against All Defendants)*

111. This paragraph re-alleges and incorporates all preceding paragraphs. Answering Defendants incorporate their responses to all preceding paragraphs as if fully set forth herein.

112. In response to Paragraph 112 of the SAC, Answering Defendants admit that the Premises consisted of 115,766 rentable square feet in accordance with the Stevenson Report, and that backup documentation was available upon request. Answering Defendants admit that drafts of the LOI, the final LOI, drafts of the Lease, the final Lease, and emails regarding the Premises were exchanged; and Answering Defendants refer to said documents for their contents. Answering Defendants deny the remaining allegations of Paragraph 112 of the SAC.

113. Answering Defendants deny the allegations of Paragraph 113 of the SAC.

114. Answering Defendants deny the allegations of Paragraph 114 of the SAC.

115. Answering Defendants deny the allegations of Paragraph 15 of the SAC.

116. In response to Paragraph 116 of the SAC, Answering Defendants admit that they owned the Premises; and that the garage space of the Premises was being converted into office space on floors LL-Mezzanine of the Premises. Answering Defendants admit that they entered into the Lease, and refer to said document for its contents. Answering Defendants deny that they merely "nominally" owned the Premises. Answering Defendants deny the remaining allegations contained in Paragraph 116.

117. Answering Defendants deny the allegations of Paragraph 117 of the SAC.

118. Answering Defendants deny the allegations of Paragraph 118 of the SAC.

119. Answering Defendants deny the allegations of Paragraph 119 of the SAC.

120. Answering Defendants deny the allegations of Paragraph 120 of the SAC.

121. The allegations in Paragraph 121 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121, and based on such lack of knowledge or information, deny all allegations contained therein.

122. The allegations in Paragraph 122 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 122.

123. The allegations in Paragraph 123 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 123.

**THIRD CAUSE OF ACTION**

**Unilateral Mistake**

*(Against All Defendants)*

124. This paragraph re-alleges and incorporates all preceding paragraphs. Answering Defendants incorporate their responses to all preceding paragraphs as if fully set forth herein.

125. Answering Defendants deny the allegations of Paragraph 125 of the SAC.

126. Answering Defendants deny the allegations of Paragraph 126 of the SAC.

127. Answering Defendants deny the allegations of Paragraph 127 of the SAC.

128. Answering Defendants deny the allegations of Paragraph 128 of the SAC.

129. In response to Paragraph 129 of the SAC, Answering Defendants admit that they owned the Premises; and that the garage space of the Premises was being converted into office space on floors LL-Mezzanine of the Premises. Answering Defendants admit that they entered into the Lease, and refer to said document for its contents. Answering Defendants deny that they merely "nominally" owned the Premises. Answering Defendants deny the remaining allegations contained in Paragraph 129.

130. Answering Defendants deny the allegations of Paragraph 130 of the SAC.

131. Answering Defendants deny the allegations of Paragraph 131 of the SAC.

132. In response to Paragraph 132 of the SAC, Answering Defendants deny that the Premises consisted of less than 90,000 rentable square feet. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

4895-4871-1945.1

132, and based on such lack of knowledge or information, deny all remaining allegations contained therein.

133. The allegations in Paragraph 133 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 133.

134. Answering Defendants deny the allegations of Paragraph 134 of the SAC.

135. The allegations in Paragraph 135 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 135.

136. The allegations in Paragraph 136 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 136.

137. The allegations in Paragraph 137 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 137.

## PRAYER FOR RELIEF

Answering Defendants deny that Plaintiff is entitled to any relief.

\* \* \*

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1. Answering Defendants assert and allege that the SAC, including each and every cause of action stated therein, fails to state a claim upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Lease Terms Bar Relief)

2. Answering Defendants assert and allege that the terms of the Lease, including the amendment thereto and the documents incorporated therein, bar any recovery by Plaintiff.

4895-4871-1945.1

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.    Answering Defendants assert and allege that the SAC, including each and every cause of action stated therein, is barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Lease)

4.    Answering Defendants assert and allege that the SAC, including each and every cause of action stated therein, is barred in whole or in part by Plaintiff's breach and/or anticipatory breach of the Lease.

## FIFTH AFFIRMATIVE DEFENSE

### (Plaintiff's Bad Faith)

5.    Answering Defendants assert and allege that the SAC, including each and every cause of action stated therein, is barred in whole or in part by Plaintiff's bad faith with respect to the Lease.

## SIXTH AFFIRMATIVE DEFENSE

### (Parol Evidence Rule)

6.    Answering Defendants assert and allege that the SAC, including each and every cause of action stated therein, is barred in whole or in part to the extent that it relies upon extrinsic evidence to vary, to alter, or to contradict the terms of an integrated agreement, in violation of the parol evidence rule.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.    Answering Defendants assert and allege that the SAC, including each and every cause of action stated therein, is barred by Plaintiff's laches in bringing this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel/Ratification/Waiver)

8.    Answering Defendants assert and allege that the SAC, including each and every cause of action stated therein, is barred in whole or in part by the doctrines of estoppel, ratification, and/or waiver.

4895-4871-1945.1

## NINTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

9.     Answering Defendants assert and allege that the SAC, including each and every cause of action stated therein, is barred in whole or in part to the extent that the matters complained of therein were proximately caused by the acts or omissions of other individuals or entities (whether named as a party to this action or not) such that any recovery by Plaintiff is barred as to Answering Defendants and Answering Defendants should not be held responsible for any damages caused by such other individuals or entities.

## TENTH AFFIRMATIVE DEFENSE

### (Indemnity/Contribution)

10.     Answering Defendants assert and allege that the SAC, including each and every cause of action stated therein, is barred in whole or in part to the extent that Answering Defendants are entitled to full or partial indemnity and/or contribution from such other individuals or entities (including, without limitation, non-parties) as are found to have proximately caused the injuries and/or damages claimed by Plaintiff and/or who expressly, equitably, or impliedly agreed to indemnify, to defend, or to hold harmless Answering Defendants from damages or liabilities such as those claimed by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Affirmative Defenses)

11.     Answering Defendants reserve the right to assert and to allege affirmative defenses to the SAC, and any part and/or whole thereof, and to any subsequent amended complaint that Plaintiff may obtain leave to file, as they become known to Answering Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendants pray as follows:

1.     That Plaintiff take nothing by way of its SAC or any subsequent amended complaint that Plaintiff may obtain leave to file;

2.     That Judgment be entered in favor of Defendants;

3.     That Defendants be awarded their costs of suit and attorney's fees, to the extent permitted by law; and

4895-4871-1945.1

1    4.    For such other relief as the Court deems just and proper.

2
3    DATE:  January 11, 2022                    **FOLEY & LARDNER LLP**
                                                LEWIS ZIROGIANNIS
4                                               JAIME DORENBAUM
                                                JASON Y. WU
5                                               HEATHER A. LEE

6
7                                    By: /s/ Lewis Zirogiannis

8                                          Lewis Zirogiannis (Bar No. 321955)
                                             lzirogiannis@foley.com
9                                          Jaime Dorenbaum (Bar No. 289555)
                                             jdorenbaum@foley.com
10                                         Jason Wu (Bar No. 313368)
                                             jwu@foley.com
11                                         Heather A. Lee (*admitted pro hac vice*)
                                             hlee@foley.com
12                                         555 California Street, Suite 1700
                                           San Francisco, California 94104-1531
13                                         Telephone:  (415) 434-4484
                                           Facsimile:  (415) 434-4507

14                                         *Attorneys for Defendants 420 Taylor Ventures, LLC,*
                                           *NT 420 Taylor Owner LLC, NH 420 Taylor Owner LLC,*
15                                         *420 Taylor Holdings Owner LLC, and Seven Equity*
                                           *Group, LLC*
16

17

18

19

20

21

22

23

24

25

26

27

28